**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

    v.

EVERT MEINERS,
           *Defendant-Appellant.*

No. 06-30389

D.C. No.
CR-05-00065-JDS

OPINION

Appeal from the United States District Court
for the District of Montana
Jack D. Shanstrom, District Judge, Presiding

Submitted April 12, 2007*
Seattle, Washington

Filed May 21, 2007

Before: Alex Kozinski and Raymond C. Fisher,
Circuit Judges and Andrew J. Guilford, District Judge.**

Per Curiam Opinion

---

*This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**The Honorable Andrew J. Guilford, United States District Judge for the Central District of California, sitting by designation.

## COUNSEL

Mark S. Werner and Anthony R. Gallagher, Federal Defenders of Montana, Billings, Montana, for appellant Evert Meiners.

William W. Mercer and Marcia Hurd, United States Attorney's Office, Billings, Montana, for appellee United States of America.

---

## OPINION

PER CURIAM:

Defendant-Appellant Evert Meiners operated a child pornography file server ("f-serve"), which he utilized to advertise child pornography images for distribution in exchange for other child pornography images to be sent to him.[1] During summer 2004, Meiners advertised and distributed child pornography to several Federal Bureau of Investigation special agents, a New York State detective and an officer with the German National Police.

United States Immigration and Customs agents identified Meiners as the operator of the f-serve and executed a warrant at his residence in Billings, Montana in November 2004. During the search, agents seized computer equipment containing 10,000-12,000 pornographic images, some of which depicted children engaged in sado-masochistic activity, including bondage and sexual intercourse.

---

[1]A "file server is a computer with a large amount of disk capacity used for storing files on a computer network." *See* G. Andrew Barger, *Lost in Cyberspace: Inventors, Computer Piracy and "Printed Publications" Under Section 102(B) of the Patent Act*, 71 U. Det. Mercy L. Rev. 353, 383 n.145 (1994).

Meiners agreed to plead guilty to four counts of advertisement of child pornography in violation of 18 U.S.C. § 2251(d), four counts of distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2) and one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). The district court sentenced Meiners to 15 years in prison, comprised of 180 months on each advertisement count, 121 months on each distribution count and 120 months on the possession count, with all terms to be served concurrently. On appeal, Meiners challenges his sentence under the Eighth Amendment's prohibition against cruel and unusual punishment. Because a 15-year sentence is not grossly disproportionate to the gravity of Meiners' offense, we affirm.

**[1]** We review de novo whether a sentence violates the Eighth Amendment. *See United States v. Fernandez*, 388 F.3d 1199, 1258 (9th Cir. 2004). The Eighth Amendment forbids as "cruel and unusual punishment" prison terms that are "grossly disproportionate." *See Solem v. Helm*, 463 U.S. 277, 288 (1983); *United States v. Harris*, 154 F.3d 1082, 1084 (9th Cir. 1998). The Supreme Court has repeatedly emphasized that "federal courts should be reluctant to review legislatively mandated terms of imprisonment, and that successful challenges to the proportionality of particular sentences should be exceedingly rare." *Ewing v. California*, 538 U.S. 11, 22 (2003) (quoting *Hutto v. Davis*, 454 U.S. 370, 374 (1982) (per curiam)).

**[2]** When confronted with an Eighth Amendment challenge, we first make "a threshold comparison of the crime committed and the sentence imposed." *Harmelin v. Michigan*, 501 U.S. 957, 1005 (1991) (Kennedy, J., concurring in part and concurring in the judgment). In the rare case in which a threshold comparison leads to an inference of gross disproportionality, we then compare the sentence at issue with sentences imposed for analogous crimes in the same and other jurisdictions. *See id.*

**[3]** Meiners' challenge fails at the threshold stage because a 15-year sentence is not grossly disproportionate to the gravity of his offense. In *Hutto*, law enforcement officers seized approximately nine ounces of marijuana and drug paraphernalia at the defendant's home, leading to his conviction for possession and distribution of marijuana. 454 U.S. at 370. The Supreme Court upheld the defendant's 40-year sentence against an Eighth Amendment challenge. *Id.* at 370, 375.[2] In *Harmelin*, the Court upheld a life sentence, without the possibility of parole, for a first-time offender convicted of possessing 672 grams of cocaine. 501 U.S. at 961. Meiners received a lesser sentence than the defendants in *Hutto* and *Harmelin* even though his conduct was no less serious.

**[4]** Like drug possession and distribution offenses, advertising and distributing child pornography is a significant crime because it "threaten[s] to cause grave harm to society." *Harmelin*, 501 U.S. at 1002 (Kennedy, J., concurring in part and concurring in the judgment). The distribution of child pornography feeds an industry that causes physiological, emotional and mental trauma to the child victims. *See Osborne v. Ohio*, 495 U.S. 103, 109 (1990). By advertising his desire to receive and trade child pornography, Meiners directly encouraged the production and distribution of material that is created by abusing children. *See United States v. Pabon-Cruz*, 255 F. Supp. 2d 200, 210 (S.D.N.Y. 2003) (recognizing that "the advertising statute bears a different relationship to the purpose of preventing child abuse than does the receipt and distribution statute" because advertising directly encourages production of child pornography).

Because this is not the "rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality," *Harmelin*,

---

[2]Although the defendant in *Hutto* was not a first time offender, *see* 454 U.S. at 379-80 (Powell, J., concurring), the Court's decision did not turn on the defendant's recidivism or prior conduct.

501 U.S. at 1005, we need not conduct an inter- and intra-jurisdictional analysis.

**AFFIRMED**.