**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Raymond James LAMERE,**
**Defendant—Appellant.**

No. 08–30273.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 6, 2009.

Filed June 29, 2009.

Eric Vincent Carroll, Esquire, Assistant U.S., USGF–Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

Jeremy S. Yellin, Esquire, Havre, MT, for Defendant–Appellant.

Before: B. FLETCHER, TASHIMA and THOMAS, Circuit Judges.

## MEMORANDUM *

Raymond James Lamere ("Lamere"), a Native American, challenges his conviction and sentence for knowingly engaging in a sexual act with a minor under twelve on a Native American reservation in violation of 18 U.S.C. §§ 1153 and 2241(c). Lamere asserts his conviction should be overturned because the district court committed error at trial by 1) failing to adequately administer an oath or affirmation to the alleged child victim prior to her testimony in violation of the Confrontation Clause, 2) failing to strike testimony concerning Lamere's prior drug use, and 3) questioning witnesses in a manner that evidenced judicial bias. Lamere asserts his mandatory minimum sentence should be found unconstitu-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tional because it is grossly disproportionate to his crime in violation of the Eighth Amendment and discriminatory in violation of his Fifth Amendment right to equal protection and due process. Lamere also claims the limitation on his computer access imposed as a condition of supervised release violates 18 U.S.C. § 3583. We affirm in part and vacate in part.

## I.

■ Lamere alleges the district court deprived him of his rights under the Confrontation Clause of the Sixth Amendment by failing to properly administer an oath or affirmation to R.T., the child victim, prior to her examination at trial. As Lamere failed contemporaneously to challenge the administration of the oath, we review for plain error. *See United States v. Armijo*, 5 F.3d 1229, 1235 (9th Cir.1993). The Confrontation Clause requires that any witness testifying against a defendant "give his statements under oath—thus impressing him with the seriousness of the matter and guarding against the lie by the possibility of a penalty for perjury." *Maryland v. Craig*, 497 U.S. 836, 845–46, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990) (internal quotation marks and citation omitted). "[T]here is no constitutionally or statutorily required form of oath." *United States v. Ward*, 989 F.2d 1015, 1019 (9th Cir. 1992). All that is required under Federal Rule of Evidence 603 is that the witness "declare that the witness will testify truthfully, by oath or affirmation administered in a form calculated to awaken the witness' conscience and impress the witness' mind with the duty to do so." Fed.R.Evid. 603. Under these flexible standards, we find the district court did not err in administering the affirmation to R.T. The district court administered the affirmation by asking repeated questions securing R.T.'s promise to tell the truth. Lamere is likely correct that R.T.'s affirmation would have been more effective had the district court asked R.T. whether she understood that there were serious consequences for lying on the stand. Nonetheless, although the district court's administration of the affirmation could have been improved upon, it was sufficiently calculated to awaken a typical child's conscience and impress her with her duty to tell the truth. R.T. surely understood that making a promise is binding to some degree and the repeated questioning likely further impressed on her the seriousness of her affirmation.

## II.

■ Lamere asserts the trial court erred in failing to strike testimony discussing Lamere's marijuana use as violating Federal Rule of Evidence 404(b). The Government does not contest that this was error. We conclude the failure to strike does not warrant reversal because the error was harmless. Lamere's marijuana use was mentioned only once at trial and not relied upon by the Government in its closing argument. *See, e.g., United States v. Hernandez–Miranda*, 601 F.2d 1104, 1109 n. 10 (9th Cir.1979) ("The extent to which the Government relies upon the inadmissible prior offense evidence is a factor which can be considered in deciding whether reversible error resulted.") Furthermore, there was strong independent evidence of Lamere's guilt in the form of R.T.'s testimony and his own confession. *See United States v. Masters*, 450 F.2d 866, 868 (9th Cir.1971).

## III.

■ Lamere alleges that the district court questioned Lamere and a government witness in a manner that indicated to the jury that the district court did not credit Lamere. "We review a district court's decisions on trial management for

abuse of discretion." *United States v. Goode*, 814 F.2d 1353, 1354 (9th Cir.1987). A judge may " 'participate in the examination of witnesses to clarify issues and call the jury's attention to important evidence.' " *United States v. Parker*, 241 F.3d 1114, 1119 (9th Cir.2001) (quoting *United States v. Wilson*, 16 F.3d 1027, 1031 (9th Cir.1994)). "A trial judge's participation oversteps the bounds of propriety and deprives the parties of a fair trial only when 'the record discloses actual bias ... or leaves the reviewing court with an abiding impression that the judge's remarks and questioning of witnesses projected to the jury an appearance of advocacy or partiality.' " *Parker*, 241 F.3d at 1119 (quoting *United States v. Mostella*, 802 F.2d 358, 361 (9th Cir.1986)). We find the district court's brief questioning was within bounds. *See e.g., Mostella*, 802 F.2d at 362 (holding that court's interruption of defense counsel's examination and extensive questioning of witness did not warrant reversal). In addition, any possible impression of bias was cured by the district court's instruction to the jury not to base their verdict on any inference drawn from the district court's behavior. *See Parker*, 241 F.3d at 1119.

## IV.

◼ Lamere's mandatory sentence of 30 years pursuant to 18 U.S.C. § 2241(c) does not constitute cruel and unusual punishment under the Eighth Amendment. We review whether a sentence violates the Eighth Amendment *de novo*. *United States v. Meiners*, 485 F.3d 1211, 1212 (9th Cir.2007). Under the Eighth Amendment our analysis focuses on whether the "criminal sentence [is] proportionate to the crime for which the defendant has been convicted." *Solem v. Helm*, 463 U.S. 277, 290, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). Our threshold inquiry "look[s] to the gravity of the offense and the harshness of the penalty." *Id.* at 290–91, 103 S.Ct. 3001. We proceed beyond this inquiry "only ... 'in the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality.' " *United States v. Harris*, 154 F.3d 1082, 1084 (9th Cir.1998) (quoting *Harmelin v. Michigan*, 501 U.S. 957, 1005, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (Kennedy, J., concurring)). We find no such gross disproportion here. This court has generally recognized the grave harm resulting from sexual crimes relating to children. *See Meiners*, 485 F.3d at 1213. Furthermore, the Supreme Court has found constitutional longer sentences for crimes of lesser gravity committed by first-time offenders. *See Harmelin*, 501 U.S. at 961, 111 S.Ct. 2680; *Hutto v. Davis*, 454 U.S. 370, 374, 102 S.Ct. 703, 70 L.Ed.2d 556 (1982).

## V.

◼ Section 2241(c), as applied to Lamere, also does not violate the Equal Protection Clause. We review a district court's determination of the constitutionality of a statute *de novo*. *United States v. Naghani*, 361 F.3d 1255, 1259 (9th Cir.2004). Section 2241(c) does not on its face discriminate against Native Americans. *See City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 440, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). Nor does any disproportionate impact of Section 2241 on Native Americans result from discrimination. *See Washington v. Davis*, 426 U.S. 229, 241, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976). Any disproportionate impact arising from Section 2241 simply reflects the different treatment of criminals under the Major Crimes Act who commit crimes in a federal enclave. *See United States v. LeMay*, 260 F.3d 1018, 1030 (9th Cir.2001). The federal government's exercise of special jurisdiction over Native American af-

fairs through the Major Crimes Act also cannot form a basis for an Equal Protection Clause violation. *See United States v. Antelope,* 430 U.S. 641, 646, 97 S.Ct. 1395, 51 L.Ed.2d 701 (1977). Therefore, we apply rational basis review to Section 2241, to determine whether "it bears a reasonable relationship to a legitimate governmental interest." *LeMay,* 260 F.3d at 1031. The deterrence of sexual crimes against children is certainly a legitimate governmental interest. Section 2241 is reasonably related to furthering that goal through the imposition of an increased penalty for such crimes.

### VI.

■ Lamere challenges the imposition as a condition of supervised release that "he not possess or use any computer or other devices with access to any online computer without the prior approval of the probation officer." A district court may exercise its discretion to impose non-mandatory conditions of supervised release pursuant to 18 U.S.C. § 3583(d) "only if they are reasonably related to the goal of deterrence, protection of the public, or rehabilitation of the offender" and "involve no greater deprivation of liberty than is reasonably necessary for the purposes of supervised release." *United States v. Weber,* 451 F.3d 552, 557 (9th Cir.2006) (internal quotations marks and citations omitted) (discussing framework of 18 U.S.C. § 3583(d)). The Government bears the burden of proving that a condition meets these requirements. *Id.* at 559. The Government here has offered no justification for the challenged condition in the presentence report, at the sentencing hearing, or in briefing on this appeal. Indeed, it appears from the record below and

from the Government's silence on this appeal that the Government does not support imposition of the challenged condition. Nor did the district court articulate any specific reasons for its *sua sponte* imposition of the condition. We, therefore, conclude the district court abused its discretion in imposing the challenged condition and vacate its imposition.

**AFFIRMED in part; VACATED in part.**

TASHIMA, Circuit Judge, concurring:

I concur in the majority disposition. I write separately, however, to express my concern about the harsh sentence imposed on Lamere. Although I agree with the majority that our precedent requires us to conclude that Lamere's mandatory thirty-year sentence does not constitute cruel and unusual punishment under the Eighth Amendment, nevertheless, a thirty-year sentence in these circumstances is troubling.

Apart from Lamere's confession, the evidence against him was very weak.[1] Lamere has no prior convictions for abuse of a child, and was in Criminal History Category I. While I certainly share the majority's concern about "the grave harm resulting from sexual crimes relating to children," Memo. at 672, I believe that a thirty-year sentence on this record is yet another sad example of "the cruel and unjust mandatory minimum sentencing scheme adopted by Congress." *United States v. Hungerford,* 465 F.3d 1113, 1118 (9th Cir.2006) (Reinhardt, J., concurring in the judgment), *cert. denied,* 550 U.S. 938, 127 S.Ct. 2249, 167 L.Ed.2d 1097 (2007); *see also United States v. Looney,* 532 F.3d 392, 397 (5th Cir.) ("In sum,

---

1. I do not agree with the majority that "there was strong independent evidence of Lamere's

guilt...." Memo. at 671.

although we consider Ms. Looney's sentence to be unduly harsh for someone who has no previous conviction of any sort, '[i]t is for Congress to ameliorate the result of application of [statutory mandatory minimum sentences] if it deems it too harsh.'") (quoting *United States v. Casiano,* 113 F.3d 420, 426 (3d Cir.1997)) (alterations in original), *cert. denied,* —— U.S. ——, 129 S.Ct. 513, 172 L.Ed.2d 376 (2008).

I join my colleagues in "urg[ing] Congress to reconsider its harsh scheme of mandatory minimum sentences without the possibility for parole." *United States v. Harris,* 154 F.3d 1082, 1085 (9th Cir.1998).