**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30165 |
| Plaintiff - Appellee, | D.C. No. 3:03-cr-00171-JKS |
| v. | |
| HENRY A. PANIAGUA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
James K. Singleton, District Judge, Presiding

Submitted March 16, 2010[**]

Before:    SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

Henry A. Paniagua appeals from the 18-month sentence imposed following

revocation of his supervised release.  We have jurisdiction pursuant to 28 U.S.C. §

1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

AH/Research

Paniagua contends that his sentence impermissibly increases the sentence imposed for the underlying offense and that it violates the Eighth Amendment's prohibition against cruel and unusual punishment. The district court imposed the bottom-of-the-Guidelines 18-month sentence to run consecutive to the sentence imposed for the drug conspiracy conviction underlying the supervised release violation.

The record reflects that the district court imposed the 18-month sentence for the legitimate purpose of punishing Paniagua for breaching the court's trust by violating the conditions of his supervised release. *See United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007). Moreover, Paniagua failed to demonstrate that his consecutive sentence is grossly disproportionate to his violation of mandatory terms of supervised release. *See United States v. Meiners*, 485 F.3d 1211, 1213 (9th Cir. 2007) (per curiam); *see also Lockyer v. Andrade*, 538 U.S. 63, 72 (2003).

**AFFIRMED.**