FILED

JAN 04 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-10539 |
| Plaintiff - Appellee, | D.C. No. 1:06-cr-00342-OWW |
| v. | |
| RICARDO RUIZ MONTES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-10559 |
| Plaintiff - Appellee, | D.C. No. 1:06-vt-00342-OWW-1 |
| v. | |
| LUKE SCARMAZZO, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wanger, District Judge, Presiding

Argued and Submitted August 31, 2010
San Francisco, California

---

   [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: B. FLETCHER, TALLMAN, and RAWLINSON, Circuit Judges.

Because the parties are familiar with the facts of the case, we do not repeat them here. In a companion opinion filed today, we affirm the trial court's ruling addressing the issue of alleged jury misconduct. As to the following issues, we also affirm the judgment of the district court.

The district court did not plainly err by failing to *sua sponte* dismiss Appellants' indictment as a violation of the Tenth Amendment. *See Raich v. Gonzales*, 500 F.3d 850, 867 (9th Cir. 2007) (citing *Gonzales v. Raich*, 545 U.S. 1, 32–33 (2005)).

The district court's *in limine* rulings were proper because: (1) "medical necessity is not a defense to manufacturing and distributing marijuana," *United States v. Oakland Cannabis Buyers' Co-op.*, 532 U.S. 483, 494 (2001); (2) specific knowledge of illegality was not an element of the crimes with which Appellants were charged, *see* 21 U.S.C. § 841(a)(1), and therefore a good faith defense did not apply, *see Cheek v. United States*, 498 U.S. 192, 199 (1991); and (3) Appellants proffered no evidence that they reasonably relied on the advice of "a federal government official empowered to render the claimed erroneous advice, or . . . an authorized agent of the federal government," *United States v. Brebner*, 951 F.2d 1017, 1027 (9th Cir. 1991) (citation omitted). Furthermore, these rulings did not

2

deprive Appellants of any recognized liberty interest. *See Washington v. Glucksberg*, 521 U.S. 702, 720–21 (1997).

We see no abuse of discretion in the district court's admission of Appellant Scarmazzo's self-aggrandizing music video. *See United States v. Verduzco*, 373 F.3d 1022, 1029 n.2 (9th Cir. 2004) ("As long as it appears from the record as a whole that the trial judge adequately weighed the probative value and prejudicial effect of proffered evidence before its admission, we conclude that the demands of Rule 403 have been met." (quoting *United States v. Sangrey*, 586 F.2d 1312, 1315 (9th Cir. 1978)).

The district court's jury instruction requiring that all jurors agree on which offenses were committed by each defendant complied with *Richardson v. United States*, 526 U.S. 813, 815 (1999). "A jury is presumed to follow its instructions." *Weeks v. Angelone*, 528 U.S. 225, 234 (2000). As a result, the jury's guilty verdict "necessarily means that all twelve jurors found that [Appellants] committed at least three predicate felonies." *United States v. Montalvo*, 331 F.3d 1052, 1059 (9th Cir. 2003). A special verdict form was unnecessary. In addition, the district court identified several counts included in the indictment, and on which the jury returned verdicts of guilty, that qualified as federal felony narcotic offenses. No further definition of that term was needed.

3

Relying on the overwhelming evidence of guilt at trial, and construing that evidence in the light most favorable to the prosecution, a rational fact finder could find Appellants guilty of operating a continuing criminal enterprise in violation of 21 U.S.C. § 848, and possessing marijuana with intent to distribute in violation of 21 U.S.C. § 841. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Inconsistent jury verdicts are not a cognizable basis for reversal. *United States v. Powell*, 469 U.S. 57, 65 (1984).

On this record, there is no evidence of vindictive prosecution. What charges to bring is a decision that lies squarely within a prosecutor's discretion, *United States v. Batchelder*, 442 U.S. 114, 123 (1979), and Appellant Montes did not make a prima facie case of prosecutorial vindictiveness, *see United States v. Lopez*, 474 F.3d 1208, 1211 (2007).

Nor did Appellant Montes show that his prosecution deprived him of equal protection. The guarantee of equal protection prohibits selective enforcement based upon an impermissible classification. *Batchelder*, 442 U.S. at 125 n.9. Montes cannot prevail on a discriminatory prosecution claim because he did not demonstrate that his prosecution "was based on an impermissible ground such as race, religion or his exercise of his first amendment right to free speech." *United States v. Scott*, 521 F.2d 1188, 1195 (9th Cir. 1975).

4

Appellant Montes was sentenced to the statutory minimum of twenty years. His assertions to the contrary are rejected. Appellant Scarmazzo was sentenced to just under twenty-two years. Appellants' sentences are not grossly disproportionate to their crimes and are, therefore, not unconstitutional. *See Hutto v. Davis*, 454 U.S. 370, 374 (1982); *United States v. Meiners*, 485 F.3d 1211, 1213 (9th Cir. 2007).

**AFFIRMED.**