**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10216 |
| Plaintiff - Appellee, | D.C. No. 5:09-CR-00848-DLJ-3 |
| v. | |
| LUIS ANGEL DIMAS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
D. Lowell Jensen, District Judge, Presiding

Submitted June 13, 2013[**]
San Francisco, California

Before: SCHROEDER and CALLAHAN, Circuit Judges, and VANCE, Chief
District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2)

[***]    The Honorable Sarah S. Vance, Chief District Judge for the United
States District Court for the Eastern District of Louisiana, sitting by designation.

1

Luis Angel Dimas appeals his conviction and sentence for one count of conspiracy to distribute methamphetamine and one count of possession with intent to distribute methamphetamine. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

I

Dimas challenges the admission of Deputy Sheriff Cary Colla's expert testimony that a trained drug-sniffing dog detected the presence of narcotics in Dimas's vehicle. Dimas argues that Colla's testimony was unreliable and that his comments about lingering narcotics odors went beyond the scope of his expertise. We review a district court's decision to admit expert testimony for an abuse of discretion. United States v. Alatorre, 222 F.3d 1098, 1100 (9th Cir. 2000).

Deputy Colla's experience and training provided a reliable foundation for his testimony about narcotics odors and the dog's search of Dimas's vehicle. Both Colla and the dog were certified in drug detection, and they trained together on a monthly basis. The dog was 100% accurate in his testing. Further, Colla attended conferences and classes relating to his duties as a drug dog handler. Accordingly, the district court did not abuse its discretion by admitting Colla's testimony. See Florida v. Harris, 133 S. Ct. 1050, 1057 (2013).

Dimas also challenges the admission of DEA Special Agent Hilda Rubino's expert testimony as improper "drug courier profile" evidence. See United States v. Lui, 941 F.2d 844, 847 (9th Cir. 1991) (noting that drug courier profile evidence may not be used as "substantive evidence of a defendant's innocence or guilt") . Rubino testified about the general practices of drug traffickers and provided an opinion that a notebook was a "pay ledger" commonly used in the drug trade. Rubino's testimony helped explain Dimas's modus operandi by describing how certain words and actions were consistent with the common practices of drug traffickers. See United States v. Freeman, 498 F.3d 893, 906-07 (9th Cir. 2007). "[G]overnment agents or similar persons may testify as to the general practices of criminals to establish the defendants' modus operandi." United States v. Gil, 58 F.3d 1414, 1422 (9th Cir. 1995) (quoting United States v. Johnson, 735 F.2d 1200, 1202 (9th Cir. 1984)). The district court therefore did not abuse its discretion by admitting Rubino's testimony.

II

Dimas attacks his sentence as unlawful on the grounds that (a) the district court relied improperly on the drug quantity reported by the DEA when there was conflicting evidence of a lower quantity, (b) the sentence was unreasonable

because his co-conspirators received relatively lenient sentences, and (c) the sentence violated the Eighth Amendment to the United States Constitution.

We review the district court's interpretation of the Guidelines de novo and its factual findings for clear error. United States v. Biao Huang, 687 F.3d 1197, 1202 (9th Cir. 2012). If the district court correctly calculated the Guidelines range, we review the sentence for reasonableness under the abuse of discretion standard. United States v. Ressam, 679 F.3d 1069, 1086 (9th Cir. 2012) (en banc).

A

The district court did not err in relying on the drug quantity reported by the DEA. The district court found that the DEA agent's testimony about the sample size, homogeneity, and uncertainty values made the DEA results more credible than the other results. The DEA agent's testimony fully supported the district court's determination. Accordingly, the district court's finding on drug quantity was not clearly erroneous, and the district court correctly applied the higher Guidelines range based on the DEA results. United States v. Kilby, 443 F.3d 1135, 1140-42 (9th Cir. 2006).

B

Dimas argues that his below-Guidelines sentence of 200 months was unreasonable considering that his co-conspirators received 108 months

imprisonment. Dimas's situation differed materially from that of his co-conspirators because his co-conspirators accepted responsibility, cooperated with the Government, and qualified for safety-valve relief. "[A] sentencing disparity based on cooperation is not unreasonable." United States v. Carter, 560 F.3d 1107, 1121 (9th Cir. 2009). The district court considered the 18 U.S.C. § 3553(a) sentencing factors and varied downward from the Guidelines range. The court balanced defendant's failure to accept responsibility with his lack of criminal history. It found that 235 months was too high based on defendant's total conduct. The district court made an individualized determination based on Dimas's characteristics and the characteristics of the offense. The sentence was reasonable under the totality of the circumstances. See United States v. Carty, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

C

Finally, Dimas argues that his below-Guidelines sentence violates the Eighth Amendment. We review de novo whether a sentence violates the Eighth Amendment. United States v. Meiners, 485 F.3d 1211, 1212-13 (9th Cir. 2007) (per curiam) (citing United States v. Fernandez, 388 F.3d 1199, 1258 (9th Cir. 2004)). "Generally, as long as the sentence imposed on a defendant does not exceed statutory limits, this court will not overturn it on Eighth Amendment

grounds." United States v. Albino, 432 F.3d 937, 938 (9th Cir. 2005) (per curiam) (quoting United States v. Parker, 241 F.3d 1114, 1117 (9th Cir. 2001)). Dimas's sentence was below the Guidelines range and well below the statutory maximum for his offenses. Dimas fails on a threshold level to show that his sentence is grossly disproportional to the crimes. Meiners, 485 F.3d at 1213.

AFFIRMED.