**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 25 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10489 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00001-LRH-PAL-1 |
| v. | |
| DAVID MARK ERICKSON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted October 11, 2013
San Francisco, California

Before: HAWKINS, N.R. SMITH, and NGUYEN, Circuit Judges.

David Erickson ("Erickson") appeals his jury trial conviction and mandatory

minimum ten-year sentence for attempting to persuade, induce, or entice a minor in

a sexual activity for which a person can be charged with a criminal offense, in

violation of 18 U.S.C. § 2422(b). We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Erickson argues the jury's general verdict must be overturned because the prosecutor in closing argument misstated that certain acts by Erickson, when taken alone, could fulfill the "substantial step" element of a § 2422(b) attempt conviction. Defense counsel made no contemporaneous objection to these statements and we therefore review them for plain error. *United States v. Brown*, 327 F.3d 867, 871 (9th Cir. 2003) ("[C]omments for which no objection is made are reviewed for plain error." (citing *United States v. Sanchez*, 176 F.3d 1214, 1218 (9th Cir.1999), and *United States v. de Cruz*, 82 F.3d 856, 861 (9th Cir. 1996))).

While the prosecutor's statements may have been incorrect, any resulting prejudice likely did not materially affect the verdict, nor did it result in a miscarriage of justice. "We will overturn a conviction because of statements in closing arguments for plain error only where the statement undermine[s] the fundamental fairness of the trial and contribute[s] to a miscarriage of justice." *United States v. Del Toro-Barboza*, 673 F.3d 1136, 1152 (9th Cir. 2012) (internal citations and quotation marks omitted). The prejudicial nature of these statements must be considered in the context of the whole case. *See United States v. Segna*, 555 F.2d 226, 231 (9th Cir. 1977). "If the probability is high that the error materially affected [the jury's] verdict, reversal may be justified." *Id.*

Here, the prosecutor presented evidence to prove that Erickson did in fact take substantial steps, including arranging for multiple meetings and showing up at the meeting location. *See United States v. Hofus*, 598 F.3d 1171, 1175 (9th Cir. 2010) (commenting that given the defendant's telephone communications with the girls and travel to a prearranged meeting place, "[t]here was unlikely to be any confusion about 'substantial step' on the facts of this case"). The court also gave a proper jury instruction on the substantial step element of the offense before the prosecutor's statements and a curative instruction after them.

Erickson argues that we must reverse under *United States v. Barona*, 56 F.3d 1087 (9th Cir. 1995). In *Barona*, the court reversed the appellants' convictions under 21 U.S.C. § 848, a crime which required them to be "supervisors." *Id.* at 1096. The government suggested a list of possible "supervisees" to the jury, including individuals who could not legally qualify as such. *Id.* The "jury [had] received an instruction that followed the language" of the statute but it was not instructed that a supervisee cannot be "one who is only a customer." *Id.* at 1097-98. Absent additional assurances "that proper differentiation could be made," the court reversed the convictions. *Id.* at 1098.

Unlike *Barona*, the district court here in its jury instructions went beyond simply following the language of § 2422(b). Instead, the court elaborated on the

3

difference between preparation and substantial step and instructed that in order to constitute a substantial step, "a defendant's act or actions must demonstrate that the crime will take place unless interrupted by independent circumstances." The court then reiterated to the jury after the prosecutor's statements that it was to follow the court's instructions only. Applying plain error standards, we affirm Erickson's conviction.

As it was required to do, the district court imposed a mandatory minimum ten-year sentence. Erickson argues this constituted cruel and unusual punishment in violation of the Eighth Amendment as applied to him. We must first make "a threshold comparison of the crime committed and the sentence imposed" and "[i]n the rare case in which [this] leads to an inference of gross disproportionality, we then compare the sentence at issue with sentences imposed for analogous crimes." *United States v. Meiners*, 485 F.3d 1211, 1213 (9th Cir. 2007) (per curiam) (internal quotation marks and citations omitted). In doing so, "we must grant 'substantial deference to the broad authority that legislatures . . . possess in determining the types and limits of punishments for crimes[.]'" *United States v. Savinovich*, 845 F.2d 834, 840 (9th Cir. 1988) (citing *Solem v. Helm*, 463 U.S. 277, 290 (1983)).

Erickson argues further that his sentence is unconstitutional based on the relatively marginal nature of his case, the lack of a true victim, and his personal

4

history and characteristics. Although this mandatory minimum ten-year sentence is undoubtedly harsh as applied to him, these factors do not make it grossly disproportionate under the Eighth Amendment. *See United States v. Hughes*, 632 F.3d 956, 958-60 (6th Cir. 2011) (mandatory ten-year sentence for § 2422(b) attempt conviction not grossly disproportionate under Eighth Amendment where defendant had no serious criminal history and there was no actual minor victim); *see also Ewing v. California,* 538 U.S. 11, 30-31 (2003) (twenty-five-year-to-life sentence under California's three strikes law for third strike of stealing three golf clubs not grossly disproportionate); *Meiners*, 485 F.3d at 1212 (fifteen-year sentence not grossly disproportionate to child pornography offenses). We therefore need not compare Erickson's sentence with sentences imposed for analogous crimes.

**AFFIRMED.**