**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 3 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> LEWIS DEAN ARMSTRONG, <br><br> Defendant-Appellant. | No. 15-30178 <br> 16-30208 <br><br> D.C. No. <br> 2:13-cr-00322-JCC-1 <br><br><br> MEMORANDUM* |
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> LEWIS DEAN ARMSTRONG, <br><br> Defendant-Appellee. | No. 15-30215 <br><br> D.C. No. <br> 2:13-cr-00322-JCC-1 |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted March 31, 2020**
Seattle, Washington

———————

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: McKEOWN, N.R. SMITH, and NGUYEN, Circuit Judges.

Lewis Armstrong appeals his conviction of aggravated sexual abuse of a minor under 18 U.S.C. § 2241(c), and the government appeals his sentence. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm in part and reverse in part.

Because Armstrong's Fifth Amendment claims are raised for the first time on appeal, we review each for plain error. *See United States v. Houston*, 648 F.3d 806, 813 (9th Cir. 2011) (government failing to correct false or perjured testimony); *United States v. Mitchell*, 502 F.3d 931, 958 (9th Cir. 2007) (government shifting the burden of proof); *United States v. Makhlouta*, 790 F.2d 1400, 1403 (9th Cir. 1986) (government improperly commenting on the defendant's right to remain silent).

Armstrong's false testimony claim fails because there is no indication that Long's testimony was "actually false." *See United States v. Zuno-Arce*, 339 F.3d 886, 889 (9th Cir. 2003) (a defendant will prevail on a false testimony claim where "(1) the testimony (or evidence) was actually false, (2) the prosecution knew or should have known that the testimony was actually false, and (3) [] the false testimony was material."). Armstrong's claim under *Brady v. Maryland*, 373 U.S. 83 (1963), fails for the same reason. Armstrong's burden shifting claim fails because the prosecution did not suggest Armstrong was required to explicitly deny

2

the allegations against him. *See United States v. Mares*, 940 F.2d 455, 461 (9th Cir. 1991) ("It is a common practice for one side to challenge the other to explain to the jury uncomfortable facts and inferences."). Finally, the government did not improperly comment on Armstrong's right to remain silent. Where a defendant, after being advised of his *Miranda* rights, voluntarily chooses to make a statement, the rule in *Doyle v. Ohio*, 426 U.S. 610 (1976), is inapplicable. *See Leavitt v. Arave*, 383 F.3d 809, 827 (9th Cir. 2004) (per curiam).

The district court did not err in failing to hold a competency hearing. We need not resolve the parties' dispute as to the appropriate standard of review, because even under Armstrong's proposed standard he cannot prevail. A defendant has a constitutional due process right not to be tried or sentenced if he is legally incompetent. *Pate v. Robinson*, 383 U.S. 375, 378 (1966). A *Pate* hearing is not required absent a "substantial" or "bona fide" doubt of competency. *See de Kaplany v. Enomoto*, 540 F.2d 975, 979–83 (9th Cir. 1976) (en banc). Armstrong did not offer evidence that introduced substantial doubt as to his competency to stand trial. He did not contest Dr. Low's conclusion that he was competent, nor did he proffer any other evidence that rises to the level of incompetence necessitating a hearing.

Even assuming Armstrong has standing, he cannot prevail on his ineffective assistance of counsel claim. The Sixth Amendment guarantee of effective

assistance of counsel includes the right to counsel's undivided loyalty. *Wood v. Georgia*, 450 U.S. 261, 271 (1981). To establish a Sixth Amendment conflict of interest violation, the defendant must show that "his counsel actively represented conflicting interests" and "an actual conflict of interest adversely affected his lawyer's performance." *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988) (citing *Cuyler v. Sullivan,* 446 U.S. 335, 348, 350 (1980)). With respect to the first prong, Armstrong "must prove actual conflict, not just a possibility of conflict, 'through a factual showing on the record.'" *United States v. Moore*, 159 F.3d 1154, 1157 (9th Cir. 1998) (quoting *Morris v. California*, 966 F.2d 448, 455 (9th Cir. 1991)). Armstrong fails to do so here.

The district court did not err in declining to give a lesser-included offense instruction. We review de novo whether the "'offense on which instruction is sought is a lesser-included offense of that charged.'" *United States v. Rivera-Alonzo*, 584 F.3d 829, 832 (9th Cir. 2009). A lesser-included offense is "an offense necessarily included in the offense charged." Fed. R. Crim. P. 31(c)(1). Armstrong was charged under 18 U.S.C. § 2241(c), which requires that the defendant knowingly engaged in a "sexual act"—in Armstrong's case, "contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus." 18 U.S.C. § 2246(2)(B). The lesser-included offense Armstrong sought was abusive sexual contact under 18 U.S.C. § 2244(a)(5). Abusive sexual contact requires that

4

the defendant knowingly engage in "sexual contact," which is defined as "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person *with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person*." 18 U.S.C. § 2246(3) (emphasis added). Where the operative definition of a "sexual act" is contained in subsection (B) of 18 U.S.C. § 2246(2), abusive sexual contact is not a lesser-included offense of aggravated sexual abuse as it lacks the specific intent requirement. *See United States v. Sneezer*, 900 F.2d 177, 178–79 (9th Cir. 1990) (discussing subsection (A)); *compare with* 18 U.S.C. § 2246(2)(C), (D) (requiring "an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person").

The district court erred in determining that the mandatory minimum sentence under 18 U.S.C. § 2241(c) violated the Eighth Amendment because it was grossly disproportionate as applied to Armstrong. We review de novo whether a sentence violates the Eighth Amendment. *United States v. Shill*, 740 F.3d 1347, 1355 (9th Cir. 2014). Because sexual crimes involving children cause grave harm, *United States v. Meiners*, 485 F.3d 1211, 1213 (9th Cir. 2007) (per curiam), Armstrong's sentence is "proportionate to the crime for which [he] has been convicted," *Solem v. Helm*, 463 U.S. 277, 290 (1983). The sentence is not cruel

and unusual "simply because it is 'mandatory.'" *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991).

**AFFIRMED in part, REVERSED in part.**