NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 13 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-6239 |
| Plaintiff - Appellee, | |
| v. | D.C. No. 2:22-cr-00001-TL-1 |
| SHABNAM DAWN PILISUK, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Tana Lin, District Judge, Presiding

Argued and Submitted April 22, 2026
Seattle, Washington

Before: MURGUIA, Chief Judge, and McKEOWN and KOH, Circuit Judges.

Shabnam Dawn Pilisuk appeals her jury trial convictions, mandatory

minimum prison sentence, and a condition of her supervised release. We have

jurisdiction pursuant to 28 U.S.C. § 1291. We affirm Pilisuk's convictions and

custodial sentence, and we construe Special Condition 3 of her supervised release

to conform with *United States v. Gnirke*, 775 F.3d 1155 (9th Cir. 2015).

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Pilisuk's challenges to the sufficiency of the evidence for Counts 3 and 4 fail. We review for plain error. *United States v. Gadson*, 763 F.3d 1189, 1217 (9th Cir. 2014).[1] Viewed in the light most favorable to the prosecution, a rational trier of fact could have found that the evidence presented demonstrated that a "dominant, significant, or motivating purpose" of Pilisuk's trips to Las Vegas and Colorado with Minor Victim 1 ("MV1") was to engage in criminal sexual activity.[2] *Flucas v. United States*, 22 F.4th 1149, 1159 (9th Cir. 2022). Specifically, a jury could find that Pilisuk's motivations in taking the trips included continuing to abuse MV1 while her husband was away in Death Valley, taking explicit photos of MV1 in a generic setting such as the Las Vegas hotel room, or grooming MV1 by taking him to a topless event and nudist resort in Colorado. Although the Las Vegas and Colorado trips may have had other purposes, it is not the case "that an innocent travel purpose precludes [Pilisuk] from also having an illicit" motive, and "Ninth Circuit precedent clearly establishes that a defendant can have mixed motives for traveling." *United States v. Pepe*, 81 F.4th 961, 977 (9th Cir. 2023)

---

[1] On either de novo or plain error review, the result is the same. *See Gadson*, 763 F.3d at 1217 ("[P]lain error review of a sufficiency claim is only 'theoretically more stringent than the standard for a preserved claim.'" (quoting *United States v. Flyer*, 633 F.3d 911, 917 (9th Cir. 2011))).

[2] Because Pilisuk's challenge to Count 3 fails, we deny as moot her motion to file a supplemental brief regarding her Count 1 conviction (Dkt. No. 54) and her motion for leave to file a reply (Dkt. No. 57).

(citing *Flucas*, 22 F.4th at 1155).

Pilisuk's vouching argument falls short on plain error review. *See United States v. Doss*, 630 F.3d 1181, 1193 (9th Cir. 2011) ("Because [the defendant] did not object to the government's closing argument, we review his claim of improper vouching for plain error."). The prosecutor's comment was ambiguous, but even assuming the prosecutor's comment was improper vouching, these unobjected-to comments did not affect Pilisuk's substantial rights. Pilisuk cannot demonstrate "a reasonable probability that, but for" the district court's tolerance of the prosecutor's now-challenged statement, "the outcome of the proceeding would have been different" and "a jury would have acquitted" her. *Greer v. United States*, 593 U.S. 503, 507–08, 510 (2021) (citation omitted).

We review de novo whether Pilisuk's thirty-year mandatory minimum custodial sentence, 18 U.S.C. § 2241(c), violates the Eighth Amendment. *See United States v. Meiners*, 485 F.3d 1211, 1212 (9th Cir. 2007). It does not, as the gravity of Pilisuk's offense is not grossly disproportionate to the sentence imposed. *See Graham v. Florida*, 560 U.S. 48, 59–61 (2010).

Finally, consistent with *Gnirke*, we construe Special Condition 3 narrowly as applying "(1) to any materials with depictions of 'sexually explicit conduct' involving children, as defined by 18 U.S.C. § 2256(2), and (2) to any materials with depictions of 'sexually explicit conduct' involving adults, defined as explicit

3                                                                 24-6239

sexually stimulating depictions of adult sexual conduct that are deemed inappropriate by [Pilisuk]'s probation officer." 775 F.3d at 1166. This limiting construction aligns with the parties' positions, respects Pilisuk's First Amendment rights, and honors the district court's intention to limit Pilisuk's access to both child and adult pornography.

**AFFIRMED.**