**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.

EUGENE K. ALBINO,
                    *Defendant-Appellant.*

No. 05-10146

D.C. No.
CR-03-00417-DAE

OPINION

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Submitted December 8, 2005*
San Francisco, California

Filed December 15, 2005

Before: Melvin Brunetti, Alex Kozinski, and
Barry G. Silverman, Circuit Judges.

Per Curiam Opinion

---

*This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## COUNSEL

Pamela J. Byrne, Assistant Federal Defender, Honolulu, Hawaii, for the appellant.

Thomas Muehleck, Assistant United States Attorney, Hono-lulu, Hawaii, for the appellee.

---

**OPINION**

PER CURIAM:

Eugene Albino appeals the ten-year sentence imposed by the district court following his guilty plea to growing 2,349 marijuana plants. Albino argues that 21 U.S.C. § 841(b)(1)(A)(vii), which classifies 1000 or more marijuana plants, regardless of weight, as equal to 1000 or more kilograms of marijuana for purposes of the ten-year mandatory minimum sentence, violates the Fifth and Eighth Amendments. We affirm.

**[1]** We have rejected Albino's Fifth Amendment argument in *United States v. Motz*, 936 F.2d 1021, 1025 (9th Cir. 1991) (holding that "[t]here is no constitutional requirement that the penalty for an offense involving one marijuana plant be equal to the penalty for an offense involving the quantity of dried marijuana the plant would yield") and *United States v. Belden*, 957 F.2d 671, 676 (9th Cir. 1992) (recognizing that the disparity in sentences between marijuana growers and marijuana possessors is rationally related to deterrence and a higher level of culpability for marijuana growers).

**[2]** Albino's Eighth Amendment claim also fails because his sentence is not grossly disproportionate to his offense. Albino pled guilty to growing 2,349 marijuana plants and received a ten-year sentence, the minimum under the statute. In reviewing criminal sentences for Eighth Amendment proportionality, we "grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes." *Solem v. Helm*, 463 U.S. 277, 290 (1983). In view of this deference "a

reviewing court rarely will be required to engage in extended analysis to determine that a sentence is not constitutionally disproportionate." *Id.* at 290 n.16. "Generally, as long as the sentence imposed on a defendant does not exceed statutory limits, this court will not overturn it on Eighth Amendment grounds." *United States v. Parker*, 241 F.3d 1114, 1117 (9th Cir. 2001). Because Albino received the minimum sentence under the statute, combined with the broad deference afforded Congress to set criminal penalties, Albino's sentence does not violate the Eighth Amendment.

**AFFIRMED**.