**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

ALAN GOMEZ,
    *Defendant-Appellant.*

No. 06-30288

D.C. No.
CR-05-00141-FVS

OPINION

Appeal from the United States District Court
for the Eastern District of Washington
Fred L. Van Sickle, District Judge, Presiding

Submitted December 8, 2006*
Seattle, Washington

Filed December 28, 2006

Before: Betty B. Fletcher, Susan P. Graber, and
M. Margaret McKeown, Circuit Judges.

Opinion by Judge Graber

---

*The panel unanimously finds this case suitable for decision without
oral argument. Fed. R. App. P. 34(a)(2).

## COUNSEL

George P. Trejo, Jr., The Trejo Law Firm, Yakima, Washington, for the defendant-appellant.

Russell E. Smoot, Assistant U.S. Attorney, Spokane, Washington, for the plaintiff-appellee.

## OPINION

GRABER, Circuit Judge:

Defendant Alan Gomez appeals his 60-month sentence for conspiracy to distribute 500 grams or more of a mixture containing a detectable amount of cocaine. The mandatory minimum sentence for that offense is 60 months' imprisonment. Defendant did not qualify for the statutory "safety valve" that would have lifted the mandatory-minimum sentence—he had three criminal history points, but the statute disqualifies defendants who have more than one point. On appeal, Defendant argues that his disqualification from the safety valve is cruel and unusual punishment under the Eighth Amendment. On de novo review, *United States v. Jensen*, 425 F.3d 698, 706 (9th Cir. 2005), *cert. denied*, 126 S. Ct. 1664 (2006), we affirm.

Defendant pleaded guilty to conspiracy to distribute 691.2 grams of a mixture containing detectable amounts of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii)(II), and 846. The statutory mandatory minimum sentence for that

offense is 60 months' imprisonment. 21 U.S.C. § 841(b)(1)(B)(ii)(II). At the sentencing hearing, Defendant requested a departure from the mandatory minimum sentence under the 18 U.S.C. § 3553(f) "safety valve." He argued that a denial of the safety valve would violate the Eighth Amendment.

Under § 3553(f), a district court must sentence a defendant for violations under 21 U.S.C. §§ 841 and 846 "without regard to any statutory minimum sentence" if, among other things, "the defendant does not have more than 1 criminal history point." 18 U.S.C. § 3553(f)(1). Defendant had three criminal history points. One criminal history point was given for a 2004 conviction for refusal to give information to a police officer. Part of Defendant's sentence for that conviction was 24 months' probation. Because he committed the instant offense during his term of probation, another two points were added to his criminal history computation. Thus, the district court found that Defendant was disqualified from receiving the benefit of the safety valve. The district court then held that his disqualification was not unconstitutional and sentenced him to the mandatory minimum of 60 months' imprisonment. Defendant timely appealed.

Defendant argues that the safety valve provision of 18 U.S.C. § 3553(f)—the statutory criteria for which he concedes he does not meet—violates the Eighth Amendment. Specifically, he argues that his disqualification from the safety valve violates the Eighth Amendment's prohibition against cruel and unusual punishment because the statute does not allow for individualized consideration of his past and present crimes. We disagree.

**[1]** "[T]he fixing of prison terms for specific crimes involves a substantive penological judgment that, as a general matter, is 'properly within the province of legislatures, not courts.' " *Harmelin v. Michigan*, 501 U.S. 957, 998 (1991) (Kennedy, J., concurring) (quoting *Rummel v. Estelle*, 445 U.S. 263, 275—76 (1980)). We have held that, "[o]utside of

the death penalty context, the Eighth Amendment is offended only by sentences that are 'grossly disproportionate' to the crime." *United States v. Aguilar-Muniz*, 156 F.3d 974, 978 (9th Cir. 1998). " 'Generally, as long as the sentence imposed on a defendant does not exceed statutory limits, this court will not overturn it on Eighth Amendment grounds.' " *United States v. Albino*, 432 F.3d 937, 938 (9th Cir. 2005) (per curiam) (quoting *United States v. Parker*, 241 F.3d 1114, 1117 (9th Cir. 2001)).

**[2]** Here, Defendant does not challenge the validity of the mandatory minimum 60-month sentence itself. Indeed, we have consistently upheld mandatory minimum sentencing schemes against constitutional challenge. *United States v. Labrada-Bustamante*, 428 F.3d 1252, 1265 (9th Cir. 2005) (citing *United States v. Wilkins*, 911 F.2d 337, 339 (9th Cir. 1990)). Even before *Harmelin*, we upheld similar sentences for offenses similar to Defendant's. *See, e.g.*, *United States v. Kidder*, 869 F.2d 1328, 1333-34 (9th Cir. 1989) (upholding a sentence of 5 years' imprisonment, the mandatory minimum, for possession with intent to distribute 500 grams or more of cocaine); *see also Hutto v. Davis*, 454 U.S. 370, 370-75 (1982) (per curiam) (upholding a sentence of 40 years' imprisonment for possession with intent to distribute 9 ounces of marijuana). Moreover, Defendant does not argue that he had only one criminal history point or that the district court misapplied the safety valve or sentencing statutes in any other way.

**[3]** Rather, Defendant argues that denying him the safety valve exception is disproportionate punishment because his sentence allegedly would have been 23 months less if he were eligible for the safety valve. We grant " 'substantial deference' " to legislatures' determination of " 'the types and limits of punishments for crimes.' " *Albino*, 432 F.3d at 938 (quoting *Solem v. Helm*, 463 U.S. 277, 290 (1983)). Thus, we hold that Congress's decision in 18 U.S.C. § 3553(f) to grant a reprieve from certain statutory minimums only to defendants

who have no more than one criminal history point does not violate the Eighth Amendment's guarantee against cruel and unusual punishment.

**[4]** Defendant also argues that § 3553(f)(1) unconstitutionally precludes consideration of the fact that his 2004 conviction for refusing to give information to a police officer was a minor offense. His citations to *Solem* and *Sumner v. Shuman*, 483 U.S. 66 (1987), for the principle that the Eighth Amendment guarantees him a proportional sentence based on his individual circumstances are unavailing. The Supreme Court has rejected Defendant's argument for individualized consideration, holding, "[w]e have drawn the line of required individualized sentencing at capital cases, and see no basis for extending it further," *Harmelin*, 501 U.S. at 996. *Sumner* was a death penalty case that involved the individualized capital-sentencing doctrine, which is inapplicable here. *See* 483 U.S. at 76 ("[T]he Eighth and Fourteenth Amendments require that the sentencing authority be permitted to consider any relevant mitigating evidence *before imposing a death sentence*." (emphasis added)).

In summary, the safety valve in 18 U.S.C. § 3553(f) does not violate the Eighth Amendment by limiting its benefit to defendants who have no more than one criminal history point.

AFFIRMED.