**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | No. 08-30346 |
| | No. 08-30347 |
| v. | D.C. No. CR-06-30044-PA |
| RICK SCHLOTZHAUER and | D.C. No. CR-06-30044-02-PA |
| SABINA SCHLOTZHAUER, | MEMORANDUM[*] |
| Defendants-Appellants. | |

Appeal from the United District Court
for the District of Oregon
Owen M. Panner, District Judge, Presiding

Argued and Submitted November 6, 2009
Portland, Oregon

Before:    FISHER and PAEZ, Circuit Judges, and FOGEL, District Judge[**]

In these consolidated appeals, Appellants contend that the district court erred

in denying their joint pretrial motions to suppress evidence and for a hearing

pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), and in failing to address

each of their pretrial motions individually.  Appellant Rick Schlotzhauer ("Rick")

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Jeremy Fogel, United States District Judge for the
Northern District of California, sitting by designation.

also contends that his sentence violates the Eighth Amendment and that the increase in the mandatory minimum sentence applicable to him based on judicial-fact-finding of a prior felony offense violated his Fifth and Sixth Amendment rights. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

First, Appellants contend that the government agents violated their Fourth Amendment rights when the agents posed as real estate purchasers and toured a property that Appellants had hired a realty company to sell. We review *de novo* a district court's denial of a motion to suppress. *United States v. Meek*, 366 F.3d 705, 711 (9th Cir. 2004). The district court did not err in denying Appellants' suppression motion. Appellants' decision to open the property to public view by listing it for sale with the realty company manifested little, if any, subjective expectation of privacy, and whatever expectation of privacy they may have held subjectively was not objectively reasonable. *See Kyllo v. United States*, 533 U.S. 27, 33 (2001) ("A Fourth Amendment search does *not* occur–even when the explicitly protected location of a *house* is concerned–unless 'the individual manifested a subjective expectation of privacy in the object of the challenged search,' and 'society [is] willing to recognize that expectation as reasonable.'") (citing *California v. Ciraolo*, 476 U.S. 207, 211(1986)(emphasis in original))).

Because there was no Fourth Amendment search, the reasonableness of the agents' ruse in posing as prospective buyers is immaterial.

Second, Appellants challenge the district court's denial of their motion for a *Franks* hearing. We review this ruling *de novo*. *Meek*, 366 F.3d at 716. A *Franks* hearing is required when a defendant makes "a substantial preliminary showing that a false statement was deliberately or recklessly included in or omitted from a warrant affidavit, and that the false statements or omissions were material to the finding of probable cause." *Id*. Appellants have not shown that the agent's alleged false statements and omissions were material to the magistrate judge's probable cause determination. Even without the challenged statements and omissions, there was substantial evidence from which the magistrate judge could conclude that there was probable cause to search Appellants' three properties for evidence of the manufacture of marijuana. The warrant affidavit included a confidential informant's reports of illegal conduct at the searched properties, federal agents' first-hand observation of items at the Ridge Vista property consistent with growing operations, documents establishing that Appellants owned the properties and records of Rick's past arrests and of a conviction related to manufacturing controlled substances.

Third, Appellants contend that the district court erred by failing to rule on

3

two of their pretrial motions and by ruling on five others without addressing the merits. Appellants cite no authority for the proposition that a district court commits reversible error merely by omitting to rule on every pre-trial motion before a criminal trial. Moreover, Appellants have not argued that they suffered any prejudice from the alleged failure to rule. Appellants' position therefore is without merit.

Rick contends that his mandatory minimum sentence of twenty years under 21 U.S.C. § 841(b) for conspiring to manufacture 1000 or more marijuana plants violates the Eighth Amendment. We review *de novo* an appellant's Eighth Amendment challenge to his sentence. *United States v. Meiners*, 485 F.3d 1211, 1212 (9th Cir. 2007) (*per curiam*). Although Rick's sentence is severe, his past and present crimes are serious, and his sentence is not grossly disproportionate. *See United States v. Albino*, 432 F.3d 937, 938 (9th Cir. 2005) (per curiam) ("Generally, as long as the sentence imposed on a defendant does not exceed statutory limits, this court will not overturn it on Eighth Amendment grounds." (quoting *United States v. Parker*, 241 F.3d 1114, 1117 (9th Cir. 2001) (internal quotations omitted))).

Finally, Rick argues that the district court violated his Fifth and Sixth Amendment rights by increasing his mandatory minimum sentence from ten to

4

twenty years based on judicial fact-finding that he previously had been convicted of a felony drug offense. This argument is foreclosed by *United States v. Valle-Montalbo*, 474 F.3d 1197, 1202 (9th Cir. 2007).

**AFFIRMED.**