**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10214 |
| Plaintiff - Appellee, | D.C. No. 3:04-cr-00317-MHP |
| v. | |
| CHARLES EDWARD LEPP, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Marilyn H. Patel, District Judge, Presiding

Argued and Submitted July 14, 2011
San Francisco, California

Before: SILVERMAN and GRABER, Circuit Judges, and LYNN, District Judge.[**]

Charles Edward Lepp appeals his conviction for conspiracy to possess 1,000

plants or more of marijuana with intent to distribute, and for manufacture and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Barbara M. G. Lynn, United States District Judge for the Northern District of Texas, sitting by designation.

possession of marijuana with intent to distribute. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court did not err in denying Lepp's Motion in Limine seeking to present a religious defense under the Religious Freedom Restoration Act of 1993 (RFRA). Applying the criminal laws prohibiting possession and manufacture of marijuana to Lepp is the least restrictive means of furthering the government's compelling interest in preventing diversion of sacramental marijuana to non-religious users. *C.f. United States v. Bauer*, 84 F.3d 1549, 1559 (9th Cir. 1996) (declining to exclude the possibility that "the government may show that the least restrictive means of preventing the sale and distribution of marijuana is the universal enforcement of the marijuana laws"); *contra Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 433 (2006).

Nor did the district court abuse its discretion by denying Lepp an evidentiary hearing on his RFRA Motion. One of the facts Lepp sought to establish at such a hearing—that his religious beliefs were sincerely held—had already been accepted as true by the court. As for the other fact he sought to prove—that there were 2,500 adherents in his religious congregation—the court stated that its ruling would be the same "regardless of whether or not" there were 2,500 adherents in

Lepp's congregation. Therefore, it was not an abuse of discretion to deny Lepp an evidentiary hearing so he could prove that fact.

The district court also did not err by admitting evidence seized during the 2004 search of Lepp's rural property under the open fields and plain view doctrines. The district court's consideration of the issue was not precluded by the law of the case doctrine because the court had not previously decided the issue. *See United States v. Cote*, 51 F.3d 178, 181 (9th Cir. 1995) (stating that the law of the case doctrine only applies "when the issue in question was actually considered and decided by the first court"). Further, the district court correctly held that Lepp's rural property was outside the curtilage of his home, *see United States v. Davis*, 530 F.3d 1069, 1079 (9th Cir. 2008), and that he had not preserved the area as private, *see Katz v. United States*, 389 U.S. 347, 351 (1967).

Likewise, the district court did not abuse its discretion when it admitted, for impeachment purposes, evidence excluded from the Government's case in chief under *Massiah v. United States*, 377 U.S. 201 (1964). The district court was within the bounds of its broad discretion in finding that evidence of the 2005 sting operation, during which Lepp allegedly sold one pound of marijuana to an undercover law enforcement officer, contradicted Lepp's direct testimony at trial. *See United States v. Higa*, 55 F.3d 448, 452 (9th Cir. 1995) ("The district court has

3

broad discretion over whether to admit extrinsic evidence to rebut a witness' direct testimony. . . ." (internal quotation marks omitted)); *see also id.* at 453 ("The trial judge has a 'high degree of flexibility' in deciding how much inconsistency is enough to permit use of a prior statement for impeachment."

Additionally, the district court did not err in denying Lepp's motion to dismiss the indictment for outrageous government conduct. The government's conduct during the 2005 sting operation did not rise to the "extremely high" level of offensiveness required to constitute a due process violation. *United States v. Smith*, 924 F.2d 889, 897 (9th Cir. 1991).

Finally, the district court did not err by sentencing Lepp to the mandatory ten-year minimum sentence. The statutory minimum sentence is not cruel and unusual punishment under the Eighth Amendment, *United States v. Albino*, 432 F.3d 937, 938 (9th Cir. 2005) (per curiam), and Lepp failed to show by a preponderance of the evidence that he was entitled to safety-valve relief under 18 U.S.C. § 3553(f), *see United States v. Alba-Flores*, 577 F.3d 1104, 1107 (9th Cir. 2009), *cert. denied*, 130 S. Ct. 3344 (2010).

**AFFIRMED.**