**UNITED STATES of America, Plaintiff,**

v.

**Chico MARTINES, Defendant.**

**Cr. No. 11–00952 DAE (02).**

United States District Court, D. Hawai'i.

Nov. 8, 2012.

Thomas Muehleck, Assistant United States Attorney, Honolulu, HI, for Plaintiff.

Michael J. Park, Honolulu, HI, for Defendant.

*ORDER: (1) GRANTING DEFENDANT'S MOTION TO CONTINUE TRIAL FOR EXPERT WITNESS AND (2) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION IN LIMINE FOR AN ORDER PERMITTING PRESENTATION OF RELIGIOUS DEFENSE*

DAVID ALAN EZRA, District Judge.

On November 7, 2012, the Court heard Defendant Chico Martines' ("Defendant") Motion to Continue Trial for Expert Witness (doc. # 116) and the related Motion in Limine for an Order Permitting Presentation of a Religious Defense (doc. # 104). After reviewing the motions and the arguments of counsel, the Court **GRANTS** the Motion to Continue and **GRANTS IN PART AND DENIES IN PART** the Motion in Limine.

## BACKGROUND

This criminal action arises from an April 5, 2011 search of premises rented by Defendant Chico Martines, during which 111 marijuana plants were found and seized by agents of the Drug Enforcement Administration ("DEA"). On September 29, 2011, a grand jury returned a two-count indictment charging Defendant, along with co-defendant Shane Oyama, with conspiracy to manufacture and possess with intent to distribute in excess of 100 marijuana plants in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Count I) and possession of in excess of 100 marijuana plants with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Count II). (Doc. # 1.)

On October 2, 2012, Defendant filed a Motion to Suppress Evidence. (Doc. # 82.) Defendant moved to suppress evidence of marijuana found at the property he leased on the ground that DEA agents improperly searched his property prior to the issuance of a search warrant. He also moved to dismiss the indictment entirely, arguing that because he is a Rastafarian the drug laws under which he was indicted substantially burden his right to practice his religion under the Religious Freedom and Restoration Act ("RFRA"). On October 26, 2012, the Court issued an Order Denying Defendant's Motion to Suppress. (Doc. # 99.)

On October 31, 2012, Defendant filed a Motion in Limine for an Order Permitting Presentation of a Religious Defense, in which Defendant moved the Court for an order allowing the introduction of evidence to establish a RFRA defense. (Doc. # 104) On November 6, 2012, Defendant filed a Motion to Continue Trial for Expert Witness, in which the Defendant asked for a continuance in order to secure the testimony of an expert on the Rastafarian religion. (Doc. # 116.)

## DISCUSSION

■ "The decision to grant or deny a requested continuance lies within the broad discretion of the trial court." *United States v. Flynt,* 756 F.2d 1352, 1358 (9th Cir.1985). "When a continuance is sought to obtain witnesses, the accused must show who they are, what their testimony will be, that the testimony will be competent and relevant, that the witnesses can probably be obtained if the continuance is granted, and due diligence has been used to obtain their attendance on the day set for trial." *United States v. Hoyos,* 573 F.2d 1111, 1114 (9th Cir.1978) (quoting *Leino v. United States,* 338 F.2d 154, 156 (10th Cir. 1964)).

■ Defendant moves to continue the trial to secure Noel Erskine, a Professor of Theology and Ethics at Emory University ("Professor Erskine"), as an expert wit-

ness on the subject of the Rastafarian religion. (Doc. # 116–1 ¶ 12.) The Motion states that Defendant intends to present his religious beliefs and practices as a defense in this case. (*Id.* ¶ 6.) The Motion does not describe the testimony Defendant intends to elicit from Professor Erskine, stating only that "a potential viable religions defense should be presented" and "Noel Erskine is material to support this position." (*Id.* ¶ 10.) At the hearing on November 7, 2012, defense counsel stated that Defendant plans to call Professor Erskine as a witness to establish that prosecution for the crimes he is charged with substantially burdens his exercise of religion. In doing so, Defendant hopes to establish a prima facie claim of a RFRA violation, and to be permitted to mount a RFRA defense at trial. Defendant also indicated that he plans to call Professor Erskine to elicit testimony that will support the argument that Defendant did not intend to distribute marijuana.

Defendant filed the instant Motion to Continue on November 6, 2012, one day before trial was to begin. (Doc. # 116.) Defense counsel has represented Defendant since July 25, 2012 (doc. # 72) and has anticipated that Defendant will mount a religious defense since at least October 2, 2012, when Defendant filed a Motion to Suppress based in part on a RFRA claim (doc. # 82). At the hearing on the Motion to Suppress on October 23, 2012, defense counsel referred to *United States v. Lepp*, No. CR 04–00317 MHP, 2008 WL 3843283 (N.D.Cal. Aug. 14, 2008), the case defense counsel states brought Professor Erskine to his attention. (Doc. # 116–1 ¶ 9.) Defense counsel has thus been aware of Professor Erskine and his opinions on the topic of Rastafarianism since at least October 23, 2012. Notwithstanding this fact, defense counsel admits that he "only recently made efforts to locate and contact Noel Erskine." (*Id.* ¶ 11.) Defense counsel's tardiness is the only reason for this

eleventh-hour request for a continuance, and the Court is not satisfied that Defendant has adequately shown what the expert witness's testimony will be, that it will be competent and relevant, and that due diligence has been used to obtain his attendance.

Nevertheless, if Professor Erskine's testimony is indeed material to a legitimate defense to the crimes Defendant is charged with, Defendant has a constitutional right to present Professor Erskine's testimony in his defense. *See* U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right ... to have compulsory process for obtaining witnesses in his favor."); *see also Williams v. Stewart*, 441 F.3d 1030, 1055 (9th Cir.2006) ("[T]he Compulsory Process Clause guarantees a criminal defendant the right to present relevant and material witnesses in his defense.") (quoting *Alcala v. Woodford*, 334 F.3d 862, 879 (9th Cir.2003)). "A material witness is '[a] witness who can testify about matters having some logical connection with the consequential facts, esp. if few others, if any, know about those matters.'" *Williams*, 441 F.3d at 1055 (quoting Black's Law Dictionary (8th ed. 2004)).

█ The Court notes that Defendant seeks to mount two distinct religious defenses. One is a RFRA defense, and one is a religious defense to the element of intent. A RFRA defense is a legal defense. It is grounded in the premise that the application of a particular federal criminal law to a particular defendant substantially burdens his or her exercise of religion and is therefore unlawful. A successful RFRA defense would essentially preclude the government from prosecuting the defendant at all. A defense that negates intent to distribute is, on the other hand, a factual defense. Its aim is to negate an essential element of the state's

case: here, that Defendant Martines intended to distribute marijuana.

The Court will not grant a continuance so that Defendant can call Professor Erskine as a witness in an attempt to establish a prima facie case of a RFRA violation as to his prosecution for the particular crimes charged here. Evidence tending to establish a RFRA violation is irrelevant to Defendant's case because this Court has previously concluded,[1] and again concludes, that Defendant is not entitled to a blanket RFRA defense, for the following reasons.

■ RFRA provides that the "Government shall not substantially burden a person's exercise of religion" unless the Government demonstrates that application of the burden to the person affected is (1) in furtherance of a compelling governmental interest and (2) the least restrictive means of furthering that interest. 42 U.S.C. § 2000bb–1. "To prevail under RFRA, defendant must first (1) articulate the scope of his beliefs, (2) show that his beliefs are religious, (3) prove that his beliefs are sincerely held and (4) establish that the exercise of his sincerely held religious beliefs is substantially burdened." *United States v. Zimmerman*, 514 F.3d 851, 853 (9th Cir.2007).

The Ninth Circuit has held that "[a] statute burdens the free exercise of religion if it puts substantial pressure on an adherent to modify his behavior and to violate his beliefs, including when, if enforced, it results in the choice to the individual of either abandoning his religious principle or facing criminal prosecution." *Guam v. Guerrero*, 290 F.3d 1210, 1222 (9th Cir.2002) (quotation marks and internal citations omitted). It has recognized that Rastafarianism is a religion, *see United States v. Bauer*, 84 F.3d 1549, 1556 (9th Cir.1996), that marijuana operates as a

sacrament in that religion, *Guerrero*, 290 F.3d at 1213 n. 2 ("Rastafarianism is a legitimate religion, in which marijuana plays a necessary and central role."), and has held that prosecution for *simple possession* of marijuana may burden a Rastafarian's free exercise of religion, *id.* at 1559. However, in *Bauer* and *Guerrero*, the Ninth Circuit held that defendants could not mount a RFRA defense to drug charges beyond simple possession—conspiracy to distribute marijuana, possession with intent to distribute marijuana, and importation of marijuana—because defendants had provided no evidence that such acts are required by Rastafarianism. *Guerrero*, 290 F.3d at 1223 ("[W]e are satisfied that Rastafarianism does not require *importation* of a controlled substance."); *Bauer*, 84 F.3d at 1559 ("As to the counts relating to conspiracy to distribute, possession with intent to distribute, and money laundering, the religious freedom of the defendants was not invaded. Nothing before us suggests that Rastafarianism would require this conduct.").

In this case, Defendant is charged with conspiracy to manufacture and possess with intent to distribute marijuana and possession with intent to distribute marijuana. (Doc. # 1.) Federal agents seized approximately 111 marijuana plants from property leased to Defendant. (Doc. # 116 ¶ 4.) In *Bauer* and *Guerrero* the Ninth Circuit did not entirely foreclose the possibility that a defendant could establish that prosecution for a drug offense other than simple possession burdened the defendant's free exercise of religion; it simply held that the defendants in those cases had failed to establish that anything beyond simple possession was a tenet of Rastafarianism. One district court has found that

---

1. In its Order denying Defendant's Motion to Suppress, this Court declined to dismiss the charges against Defendant on the ground that

they substantially burden his right to practice his religion. (Doc. # 99 at 9–10.)

a defendant produced sufficient evidence to establish that distribution and manufacture were tenets of the Rastafarian religion. *Lepp*, 2008 WL 3843283, at *6. Defendant has produced no such evidence, and the Court is not convinced that any evidence, including that presented in *Lepp*, would establish that the commercial distribution of marijuana is required by Rastafarianism.

However, even if the Court assumes that Rastafarianism compels the conduct Defendant is charged with and that Defendant's Rastafari beliefs are sincerely held,[2] his RFRA defense fails nonetheless. Defendant is charged with distribution-related crimes, and the Government indicates that it will present evidence that Defendant intended to distribute the marijuana seized from his rented property. The Government argues, and the Court is convinced, that it has a compelling interest in preventing the distribution of marijuana, and that the universal application of federal laws prohibiting distribution is the least restrictive means of furthering that interest. *Cf. United States v. Lepp*, 446 Fed. Appx. 44, 46 (9th Cir.2011) (affirming the lower court's finding that "the least restrictive means of furthering the government's compelling interest in preventing diversion of sacramental marijuana to non-religious users" is the application of criminal laws prohibiting possession and manufacture of marijuana); *see also Bauer*, 84 F.3d at 1559 (declining to "exclude the possibility that the government may show that the least restrictive means of preventing the sale and distribution of marijuana is the universal enforcement of the marijuana laws").

The Supreme Court has held that the Government may "demonstrate a compelling interest in uniform application of a particular program by offering evidence that granting the requested religious accommodations would seriously compromise its ability to administer the program." *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 435, 126 S.Ct. 1211, 163 L.Ed.2d 1017 (2006). If Defendant's beliefs afforded him the right to distribute marijuana with impunity, his beliefs would paralyze the federal government's enforcement of its drug laws. The Court is certain that RFRA does not compel such an outcome. If Congress intended to extend RFRA's reach to permit large-scale cultivation for distribution, it could easily have done so and can certainly do so in the future. However, in its current incarnation RFRA's protections do not apply to Defendant.[3]

Defendant requests a hearing to present evidence necessary to establish a prima

**2.** The Court notes that Defendant's repeated assertion that this Court has found Defendant to be a Rastafarian (docs. ## 104–1 ¶ 5, 116–1 ¶ 5) is incorrect. At the October 23, 2012 Hearing on Defendant's Motion to Suppress, the Court assumed that Defendant was a Rastafarian, without making any such finding, for purposes of the Motion to Suppress.

**3.** Defendant urges the Court to consider *O Centro Beneficiente Uniao Do Vegetal v. Ashcroft*, 342 F.3d 1170 (10th Cir.2003), *aff'd en banc* 389 F.3d 973 (10th Cir.2004), *aff'd Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 126 S.Ct. 1211, 163 L.Ed.2d 1017 (2006), a case decided by the Tenth Circuit Court of Appeals. In that case,

religious group Uniao do Vegetal ("UDV") sought to enjoin the government from prohibiting or penalizing the sacramental use of *hoasca*, a tea brewed using plants that contain a psychotropic substance listed in Section I of the Controlled Substances Act (CSA). The Tenth Circuit granted a preliminary injunction, finding that the government had failed to identify a compelling interest that warranted application of the CSA to UDV. *Id.* at 1187. This case is not on point. As the Tenth Circuit pointed out, "*hoasca* and marijuana differ." *Id.* at 1185. Marijuana, unlike *hoasca*, is "associated with problems of abuse and control, leading courts to ascertain a particular government interest in its prohibition even for religious uses." *Id.*

facie case of a RFRA violation. The Court denies Defendant's request. No evidentiary hearing is necessary because the Court concludes that the Government has advanced a sufficiently compelling interest to deny Defendant a RFRA defense regardless of his ability to make out a prima facie case. Thus, the presentation of evidence tending to establish that Defendant's exercise of religion was substantially burdened would not have changed this Court's conclusion. *See Lepp,* 446 Fed.Appx. at 46 (holding that the district court did not abuse its discretion by denying the defendant an evidentiary hearing on his RFRA Motion because "the court stated that its ruling would be the same 'regardless of whether or not'" the defendant presented evidence at a hearing).

■ However, Defendant may mount a religious defense to the element of intent. The Government has the burden of proving that Defendant intended to distribute marijuana. Defendant may introduce evidence of his Rastafarian beliefs, including the expert testimony of Professor Erskine,[4] in order to negate the Government's evidence of his intent to distribute. The Court finds that, to the extent Defendant intends Professor Erskine to present testimony material to a religious defense to intent, Defendant is entitled to a continuance to secure it.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion to Continue Trial for Expert Witness (doc. # 116) and **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion in Limine for

4. Provided, of course, that Professor Erskine is properly qualified to testify as an expert

an Order Permitting Presentation of a Religious Defense (doc. # 104).

IT IS SO ORDERED.

and the Government has no objections.