NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 16 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  18-10252 |
| Plaintiff-Appellee, | D.C. No.<br>4:17-cr-00603-CKJ-LAB-1 |
| v. | |
| WILLIAM ROBERT KENNEMER, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted September 11, 2019**
Pasadena, California

Before:  OWENS, R. NELSON, and MILLER, Circuit Judges.

William Robert Kennemer appeals from his jury conviction and sentence for

willfully engaging in the business of dealing firearms without a license pursuant to

18 U.S.C. §§ 922(a)(1)(A), 924(a)(1)(D).  As the parties are familiar with the facts,

we do not recount them.  We affirm.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

1. The district court did not abuse its discretion under Federal Rules of Evidence 402 and 403 by admitting into evidence a Warning Letter from the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). The ATF's Warning Letter informed Kennemer that he appeared to be violating federal law. Therefore, the Warning Letter tended to show that Kennemer knew that his conduct was unlawful. *See Bryan v. United States*, 524 U.S. 184, 195–96 (1998) (holding that § 924(a)(1)(D) requires knowledge that the conduct is unlawful). In addition, the district court's conclusion that the Warning Letter was more probative than prejudicial is not "beyond the pale of reasonable justification under the circumstances." *United States v. Rowland*, 464 F.3d 899, 909 (9th Cir. 2006) (citation omitted).

The district court did not plainly err by failing to sua sponte exclude the Warning Letter under Rule 702, which only concerns expert opinion testimony. *See* Fed. R. Evid. 702. Rule 702 does not provide any basis to exclude the Warning Letter, which was a non-testimonial, non-hearsay exhibit offered to prove its effect on Kennemer. We decline to consider Kennemer's challenge to the Warning Letter under Rule 704(b) because he raised it for the first time in his reply brief. *See United States v. Anderson*, 472 F.3d 662, 668 (9th Cir. 2006).

2. The district court properly determined that the bills of sale and firearms were seized from Kennemer's home under the plain view exception to the Fourth

Amendment's warrant requirement. *See Kentucky v. King*, 563 U.S. 452, 462–63 (2011). First, the district court did not clearly err in finding that Kennemer voluntarily consented to the agents' warrantless search of his bills of sale and firearms. *See United States v. Cormier*, 220 F.3d 1103, 1112 (9th Cir. 2000). Second, the items' incriminating nature was immediately apparent. *See United States v. Hudson*, 100 F.3d 1409, 1420 (9th Cir. 1996) (requiring "probable cause to associate the property with criminal activity" (citation omitted)).

In addition, the district court properly concluded that Kennemer does not have standing to challenge the seizure of his firearms from the Arizona House of Guns because he does not have a legitimate expectation of privacy in the gun shop. *See Brown v. United States*, 411 U.S. 223, 229 (1973).

3. The district court did not violate the Eighth Amendment's prohibition on "excessive fines" by imposing a $50,000 fine. U.S. CONST. amend. VIII. The fine is significantly below the statutory maximum of $250,000 and in the mid-range of the Sentencing Guidelines' recommendation. *See United States v. Albino*, 432 F.3d 937, 938 (9th Cir. 2005) (per curiam) ("Generally, as long as the sentence imposed on a defendant does not exceed statutory limits, this court will not overturn it on Eighth Amendment grounds." (citation omitted)). The fine is not "grossly disproportional to the gravity of [Kennemer's] offense." *United States v. Bajakajian*, 524 U.S. 321, 334 (1998).

4. Viewing the trial evidence in the light most favorable to the prosecution, a rational juror could find that the evidence showed that Kennemer "engaged in the business" of selling firearms. 18 U.S.C. § 921(a)(21)(C). The jury heard evidence of Kennemer's high volume of gun sales, admission that he "pretty much" intended to profit, frequent purchases of the same make and model of firearm, and actual profits from the sales. The evidence showed that Kennemer intended to profit from his gun sales.

**AFFIRMED**.