NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-30229 |
| Plaintiff-Appellee, | D.C. No. 1:18-cr-00061-EJL-1 |
| v. | |
| DANNY RAY VANZANDT, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted May 13, 2020**
Portland, Oregon

Before: BYBEE and VANDYKE, Circuit Judges, and CHHABRIA,*** District Judge.

In July 2018, Danny Vanzandt pleaded guilty to two crimes: 1) possession

with intent to distribute methamphetamine, and 2) possession of a firearm in

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Vince Chhabria, United States District Judge for the Northern District of California, sitting by designation.

furtherance of a drug trafficking crime. *See* 21 U.S.C. § 841(a)(1); 18 U.S.C. § 924(c). He admitted that he had one prior felony drug offense, triggering recidivist penalties applicable to the drug-possession crime. His plea subjected him to a mandatory minimum sentence for each crime: twenty years for the methamphetamine offense and five years for the gun offense, to be served consecutively. The district court sentenced him accordingly.

Vanzandt challenges his sentence on two grounds. He argues first that the recidivist provision requiring a mandatory sentence of twenty years in prison is unconstitutional—specifically, that it violates the Fifth, Fourteenth, and Eighth Amendments. Second, he argues that his sentence should be reduced under the recently enacted First Step Act, which lowered the mandatory minimum penalties for the methamphetamine crime. The government contends that Vanzandt waived his right to appeal. Assuming without deciding that Vanzandt did not waive his right to appeal, we have jurisdiction to review the case and now affirm on the merits. *See United States v. Jacobo Castillo*, 496 F.3d 947, 949–50 (9th Cir. 2007) (en banc).

1. The sentencing scheme that requires a twenty-year mandatory minimum sentence for Vanzandt's drug-possession crime is constitutional. In *United States v. Jensen*, the Ninth Circuit considered the constitutionality of the same scheme and upheld a mandatory life sentence for the same offense (which applied to

2

defendants with two prior drug felonies instead of one). 425 F.3d 698, 706–08 (9th Cir. 2005). Vanzandt is correct that the sentencing scheme leaves prosecutors discretion to seek the recidivist penalties prescribed by federal law, and that judges do not have discretion to impose sentences below the mandatory minimums. But that scheme does not result in "standardless" sentences that violate due process or the Eighth Amendment prohibition on cruel and unusual punishment. *See id.* at 708. Nor do variations in the exercise of prosecutorial discretion violate the equal protection guarantee. *See United States v. Van Winrow*, 951 F.2d 1069, 1073 (9th Cir. 1991) (upholding the constitutionality of 21 U.S.C. § 841(b)(1)(A) over an equal protection challenge); *see also United States v. Sanchez*, 908 F.2d 1443, 1445 (9th Cir. 1990) ("As long as the decision to prosecute is not deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification, the prosecutor's charging discretion remains unfettered.") (citations and quotation marks omitted). And even if Vanzandt's sentence were disproportionate to his crime, that lack of proportionality would not violate the Eighth Amendment. *Id.*; *see also United States v. Gomez*, 472 F.3d 671, 673–74 (9th Cir. 2006).

2. Vanzandt is not eligible for resentencing under the First Step Act because his sentence was imposed before the law's enactment. *See* Pub. L. No. 115-391, § 401(c), 132 Stat. 5194, 5221 (providing that the relevant sentence reductions

"shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment"); *see also United States v. Asuncion*, No. 18-30130, slip op. at 2 (9th Cir. Sept. 4, 2020). Vanzandt's sentence was imposed in October of 2018, two months before the First Step Act was enacted, and so he may not be resentenced under the Act.

**AFFIRMED.**