**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Kerry Stephen HEBERT, Defendant–
Appellant.**

No. 98–50198.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 13, 1999[1]

Filed Feb. 3, 2000

Knut S. Johnson, San Diego, California, for the defendant-appellant.

Brian M. Pearce, Assistant United States Attorney, San Diego, California, for the plaintiff-appellee.

Before: LEAVY, TROTT and SILVERMAN, Circuit Judges.

PER CURIAM:

Kerry Stephen Hebert appeals the district court's denial of his motion to suppress evidence presented at his supervised release revocation hearing. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

I. FACTS AND PROCEDURAL HISTORY

In 1989, Hebert pled guilty to federal armed bank robbery and state armed robbery charges. In 1995, he was released from prison and began serving simultaneous terms of federal supervised release

1. The panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

and state parole. On July 23, 1996, local police detectives and parole officers conducted a warrantless "parole search" of Hebert's apartment. During this search, the officers found approximately 31 grams of methamphetamine in a vest belonging to Hebert.

Hebert was charged in state court with possession of a controlled substance for sale, based on the results of the search. The state trial court, however, suppressed the methamphetamine on the ground that at the time of the search the officers lacked evidence creating a reasonable suspicion that Hebert was engaging in criminal activity. Nonetheless, the California parole board revoked Hebert's parole.

Upon his release from the state prison on July 24, 1997, Hebert was transferred to federal custody and ordered to show cause why his supervised release should not be revoked. The sole alleged violation was possession of the methamphetamine found during the July 23, 1996 search. Hebert moved to suppress the methamphetamine from his revocation proceedings as the fruit of an unconstitutional search. At the first suppression hearing, the district court declined to rule on the government's challenge to the application of the exclusionary rule as a general matter to supervised release revocation proceedings. Instead, the district court heard evidence, and ultimately found that the government had failed to present sufficient evidence to establish that the officers had a reasonable suspicion of Hebert's criminal activity to justify the search.

The district court, however, allowed the government to present new witnesses at a second hearing and this time the court found that the officers did have articulable facts giving rise to a reasonable suspicion that Hebert was involved in criminal activity. The district court consequently denied Hebert's motion to suppress, revoked his supervised release, and sentenced him to

two years incarceration. Hebert timely appealed.

## II. DISCUSSION

 Hebert contends that the methamphetamine seized in the search of his apartment should have been suppressed at his federal supervised release revocation hearing because the officers conducting the search lacked a reasonable suspicion that Hebert was involved in criminal activity. We need not address the merits of Hebert's contention, however, because we conclude that the exclusionary rule does not apply to supervised release revocation hearings.

 We review de novo the district court's denial of a motion to suppress. *See United States v. Kemmish*, 120 F.3d 937, 939 (9th Cir.), *cert. denied*, 522 U.S. 1132, 118 S.Ct. 1087, 140 L.Ed.2d 144 (1998).

 The United States Supreme Court has recently rejected the application of the exclusionary rule in state parole revocation proceedings, concluding that exclusion of evidence seized in violation of the Fourth Amendment from these hearings would severely disrupt their traditionally flexible and non-adversarial nature without creating any significant deterrent effect discouraging police and parole officers from conducting improper searches. *See Pennsylvania Bd. of Probation and Parole v. Scott*, 118 S.Ct. 2014, 2020–22 (1998). We conclude that the Court's reasoning in *Scott* applies equally to suppression of evidence in federal supervised release proceedings, and consequently affirm the district court's denial of Hebert's suppression motion.[2]

AFFIRMED.

---

**2.** We also acknowledge that the Court's decision in *Scott* forecloses the possible exception we commented upon in *United States v. Winsett*, 518 F.2d 51, 54 n. 5 (9th Cir.1975),

arising when the officers conducting the search know the suspect is under post-release supervision. *See Scott*, 118 S.Ct. at 2020–22.