**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Marlo Dion PITTMAN, Defendant–**
**Appellant.**

No. 06–30084.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 17, 2006 *.

Filed Dec. 5, 2006.

Pamala R. Holsinger, Scott Kerin Fax, Office of the U.S. Attorney Mark O. Hatfield, Portland, OR, for Plaintiff–Appellee.

Nancy Bergeson, Esq., Federal Public Defender's Office, Portland, OR, for Defendant–Appellant.

Before: GOODWIN, FISHER, and SMITH, Circuit Judges.

MEMORANDUM **

Appellant Marlo Dion Pittman appeals the district court's revocation of his super-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

vised release and imposition of a thirty-six month prison sentence. The district court revoked Pittman's supervised release because of his arrest for the transportation of marijuana for sale in Arizona on January 13, 2005.[1] At his supervised release revocation hearing, Pittman argued that the district court should have suppressed evidence relating to his arrest for the transportation of marijuana because the police obtained it through an illegal search and seizure in violation of the Fourth Amendment. The district court denied his objection, holding that the exclusionary rule does not apply to supervised release revocation proceedings.

On appeal, Pittman argues that the district court should have suppressed the evidence because it was the product of an egregious violation of the Fourth Amendment by law enforcement. He also contends that *United States v. Hebert*, 201 F.3d 1103 (9th Cir.2000) (holding that the exclusionary rule does not apply to supervised release revocation proceedings), was wrongly decided.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion the district court's decision to revoke supervised release. *United States v. Turner*, 312 F.3d 1137, 1142 (9th Cir. 2002). The applicability of the exclusionary rule and the denial of a motion to suppress are reviewed *de novo*. *See United States v. Fernandez–Castillo*, 324 F.3d 1114, 1117 (9th Cir.2003), *cert. denied*, 540 U.S. 959, 124 S.Ct. 418, 157 L.Ed.2d 299 (2003); *United States v. Hammett*, 236 F.3d 1054, 1057–58 (9th Cir.2001).

■ We affirm the district court's revocation of Pittman's supervised release and imposition of a thirty-six month prison sen-

tence. In *Hebert*, this court determined that the "exclusionary rule does not apply to supervised release revocation hearings." 201 F.3d at 1104. Following *Hebert*, the district court properly denied Pittman's objection to the admission of evidence relating to his arrest for the transportation of marijuana at his supervised release revocation hearing. We also cannot accept Pittman's invitation to reconsider *Hebert* because it is binding precedent and has not been vitiated by any intervening Supreme Court or en banc decisions.

■ Because *Hebert* is controlling, we need not determine whether Pittman's prolonged detention violated the Fourth Amendment. However, we conclude that even if a violation of Pittman's Fourth Amendment rights did occur, the violation was not egregious. *See United States v. Murillo*, 255 F.3d 1169 (9th Cir.2001) (holding that police officer had reasonable suspicion where defendant was nervous, was using rental car for long trip in short period of time, and was unable to explain his travel plans). Therefore, we need not decide whether *Hebert* permits the suppression of evidence when there has been an egregious Fourth Amendment violation.

AFFIRMED.

---

**1.** The district court also found that Pittman violated the conditions of his supervised release by failing to report to the probation office within seventy-two hours of his release from custody on April 21, 2004. Pittman admitted this failure to report and therefore this issue is not addressed on appeal.