**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10101 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00357-APG-VCF-1 |
| v. | |
| BRIAN WRIGHT, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted October 11, 2018
San Francisco, California

Before: McKEOWN, W. FLETCHER, and BYBEE, Circuit Judges.

Brian Wright appeals the conditions and length of supervised release

imposed in 2016, the revocation of release and revocation sentence imposed in

2017, and the denial of his request for return of seized property. Because the

parties are familiar with the facts, we do not repeat them here. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm in part, vacate in part, and

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

remand for further proceedings.

Even if we assume Wright's challenges to the terms of his 2016 sentence are not time-barred, *see* Fed. R. App. P. 4, they nonetheless lack merit. Because Wright did not raise objections to the conditions or length of supervised release, we review them for plain error. *United States v. Bonilla-Guizar*, 729 F.3d 1179, 1187 (9th Cir. 2013). The court did not err in justifying three years of supervised release with the need for rehabilitation. "Courts may factor in rehabilitation when they are terminating or extending supervised release, because neither of these actions involves sending a defendant to prison." *United States v. Grant*, 664 F.3d 276, 280 (9th Cir. 2011). In light of Wright's criminal history, it was not plain error for the district court to conclude that the search condition "reasonably related" to public safety and deterrence, did not deprive Wright of more "liberty than is reasonably necessary," and otherwise satisfied the requirements of 18 U.S.C. § 3583(d)(2).

We review de novo Wright's constitutional claims that the conditions prohibiting criminal activity and associating with persons "engaged in criminal activity" were impermissibly vague. *United States v. Evans*, 883 F.3d 1154, 1159-60 (9th Cir. 2018). The advertisements bearing Wright's phone number were connected to and in furtherance of criminal acts, i.e., pandering and living off the proceeds of prostitution, clearly proscribed by the plain language of the condition.

A "m[a]n of common intelligence" need not "guess" that the condition prohibiting associating with persons "engaged in criminal activity" prohibits dating and residing with a person recently arrested for prostitution-related activities who, at his behest and with his support, continues to be engaged in similar behavior. *Id.* at 1160 (citation omitted). Neither condition was unconstitutionally vague. Nor was the association condition overbroad.

Turning to the revocation proceedings in 2017, Wright had "no right to the assistance of standby counsel" in such proceedings. *United States v. Mendez-Sanchez*, 563 F.3d 935, 947 (9th Cir. 2009). The appointment of standby counsel is "best left to the sound discretion of the" district court, *Locks v. Sumner*, 703 F.2d 403, 408 (9th Cir. 1983), and here, the magistrate judge laid out the circumstances and reasonably concluded that appointing new standby counsel days prior to the revocation hearing was inappropriate. Wright did not renew his request for standby assistance during the revocation hearing. Wright's due process claim with respect to the library is without merit as it is rooted in the Sixth Amendment, *see Milton v. Morris*, 767 F.2d 1443, 1445 (9th Cir. 1985), which is "not relevant to revocation proceedings." *United States v. Santana*, 526 F.3d 1257, 1262 (9th Cir. 2008).

As to Wright's claim under the Jencks Act, production of the special agent's grand jury testimony was not required because it did not "relate generally to the

events and activities testified to" during the revocation hearing. *United States v. Brumel-Alvarez*, 991 F.2d 1452, 1464 (9th Cir. 1992) (emphasis and internal quotation marks omitted). The grand jury testimony would have pertained to Wright's alleged role in several robberies in 2014, while the special agent's revocation hearing testimony focused on Wright's violations of supervised release in 2016 and 2017. Any error in failing to conduct in camera review of the transcripts was harmless because their subject matter was not disputed. *See United States v. Riley*, 189 F.3d 802, 805-06 (9th Cir. 1999).

Because Wright did not move to suppress evidence related to the Government's warrantless search of his cell-site location data during the revocation hearing, we review for plain error. *See United States v. Fernandez*, 388 F.3d 1199, 1217 (9th Cir. 2004). It is undisputed that "the exclusionary rule does not apply to supervised release revocation hearings." *United States v. Hebert*, 201 F.3d 1103, 1104 (9th Cir. 2000). Even if evidence "obtained through an egregious violation of the Fourth Amendment" should be excluded in the revocation context, *Orhorhaghe v. INS*, 38 F.3d 488, 493 (9th Cir. 1994), no "egregious violation" occurred here.

Wright also contends that evidence related to the advertisement and telephone recording databases should have been excluded because it was obtained without a warrant. However, the special agent did not conduct a Fourth

4

Amendment "search" by accessing these databases. *See United States v. Diaz-Castaneda*, 494 F.3d 1146, 1151 (9th Cir. 2007). Further, Wright lacked any protected privacy interest in the information obtained from the databases. *See United States v. Borowy*, 595 F.3d 1045, 1048 (9th Cir. 2010) (publicly exposed digital files); *United States v. Van Poyck*, 77 F.3d 285, 290-91 (9th Cir. 1996) (recorded jail calls).

There was ample evidence supporting the conclusions that Wright engaged in pandering, lived off the proceeds of prostitution, associated with persons engaged in criminal activity, resisted officers, and changed his residence. "[V]iewing the evidence in the light most favorable to the government," we conclude that a "rational trier of fact could have found the essential elements of [the alleged] violation[s]" by a "preponderance of the evidence." *United States v. Jeremiah*, 493 F.3d 1042, 1045 (9th Cir. 2007) (internal quotation marks omitted).

With respect to Wright's claim of error regarding calculation of the Guidelines range, even assuming the district court did not conclusively determine the grade, any such error was harmless. The district court included the correct Guidelines range in its analysis and "perform[ed the] sentencing analysis [three times], beginning with . . . the correct and incorrect range[s]." *United States v. Munoz-Camarena*, 631 F.3d 1028, 1030 n.5 (9th Cir. 2011). Thus, the conditions and length of Wright's original supervised release, the revocation of that release,

5

and the revocation sentence are affirmed.

Reviewing de novo, we reach a different conclusion regarding the denial of Wright's request for the return of cash seized during his 2014 arrest.[1] *See United States v. Marolf*, 173 F.3d 1213, 1216 (9th Cir. 1999). Because Wright sought return of this property after his underlying criminal proceedings ended, he "[was] presumed to have a right to its return, and the government ha[d] the burden of demonstrating that it ha[d] a legitimate reason to retain the property." *United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir. 1987). However, the magistrate judge's conclusion that "Wright has not shown he is the rightful owner of the money and is not entitled to" its return improperly relieved the Government of its threshold burden of establishing that the cash was "contraband or subject to forfeiture." *Id.*; *see United States v. Gladding*, 775 F.3d 1149, 1152-53 (9th Cir. 2014). We vacate the order accepting the report and recommendation on seizure of the cash and remand for further proceedings.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

---

[1] Contrary to the Government's assertion, the district court accepted and docketed Wright's notice of appeal of this order.