[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-10647
Non-Argument Calendar

_____

D.C. Docket No. 3:11-cr-00074-ECM-SRW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEFFERY MONKENTEE HILL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(January 3, 2020)

Before WILLIAM PRYOR, JILL PRYOR and MARCUS, Circuit Judges.

PER CURIAM:

Jeffery Hill, a federal prisoner, appeals the revocation of his supervised release after Hill was arrested while on supervised release for unlawful possession of marijuana in the first degree, in violation of Ala. Code § 13A-12-213; certain

persons forbidden to possess a firearm, in violation of § 13A-11-72; and possession of drug paraphernalia, in violation of § 13A-12-260.  During his revocation proceedings, Hill filed a motion to suppress evidence seized during the routine traffic stop that resulted in his arrest, arguing that because the detention, search, and seizure were illegal, the evidence the police seized should have been excluded from the revocation proceedings.  However, the district court found that the exclusionary rule did not apply to those proceedings and, therefore, denied his motion to suppress.  On appeal, Hill argues that the evidence should have been suppressed, but he does not address whether the exclusionary rule applies to revocation of supervised release proceedings.  After careful review, we affirm.

We review the denial of a motion to suppress under a mixed standard, reviewing the district court's findings of fact for clear error and its application of the law to those facts de novo.  United States v. Lewis, 674 F.3d 1298, 1302-03 (11th Cir. 2012).

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV.  "[T]he Fourth Amendment contains no provision expressly precluding the use of evidence obtained in violation of its commands."  Arizona v. Evans, 514 U.S. 1, 10 (1995).  Nonetheless, the exclusionary rule, when applicable,

2

forbids the use of improperly obtained evidence during a criminal trial.  Herring v. United States, 555 U.S. 135, 139 (2009).

The Supreme Court has not extended the exclusionary rule to proceedings outside the criminal trial context.  See, e.g., Pa. Bd. of Prob. & Parole v. Scott, 524 U.S. 357, 369 (1998) (refusing to extend the rule to state parole revocation proceedings); I.N.S. v. Lopez-Mendoza, 468 U.S. 1032, 1050 (1984) (holding that the rule does not apply to deportation proceedings); United States v. Janis, 428 U.S. 433, 454, 459-60 (1976) (refusing to extend the rule to civil proceedings); United States v. Calandra, 414 U.S. 338, 354-55 (1974) (holding that the rule does not apply to grand jury proceedings).  We've not addressed in a published decision whether the exclusionary rule applies to revocation of supervised release proceedings.  However, every circuit that has faced the issue has found that the exclusionary rule does not apply in supervised release proceedings.  See United States v. Phillips, 914 F.3d 557, 558 (7th Cir. 2019) ("Scott left no room for the application of the exclusionary rule to supervised-release-revocation hearings."); United States v. Charles, 531 F.3d 637, 640 (8th Cir. 2008) ("[T]he exclusionary rule generally does not apply in revocation of supervised release proceedings."); United States v. Hebert, 201 F.3d 1103, 1104 (9th Cir. 2000) (per curiam) ("[W]e conclude that the exclusionary rule does not apply to supervised release revocation hearings."); United States v. Armstrong, 187 F.3d 392, 394 (4th Cir. 1999) ("Scott requires that the

exclusionary rule not be extended to federal supervised release revocation proceedings."); United States v. Alexander, 124 F.3d 200, *1 (6th Cir. 1997) (per curiam) (unpublished decision) ("[T]he exclusionary rule does not apply in supervised release revocation proceedings."); United States v. Montez, 952 F.2d 854, 857 (5th Cir. 1992) ("[W]e hold that the exclusionary rule, absent a showing of harassment, does not apply to revocation of supervised release hearings.").

On appeal, Hill generally argues that the evidence seized during his arrest should have been suppressed during his revocation of supervised release proceedings. He does not, however, directly argue that the exclusionary rule should apply to supervised release revocation proceedings. Indeed, neither this Court nor the Supreme Court has held that the exclusionary rule applies in that context. To the contrary, the Supreme Court has held in similar situations -- including, most notably, state parole revocation proceedings -- that the exclusionary rule does not apply. See, e.g., Scott, 524 U.S. at 369. As the Supreme Court explained, because of the "substantial social costs" of the exclusionary rule, it has "repeatedly declined to extend the exclusionary rule to proceedings other than criminal trials." Id. at 363. These costs include: its toll on "the truthfinding process," its incompatibility with the "traditionally flexible, administrative procedures of parole revocation," and its frequent necessity for "extensive litigation to determine whether particular evidence must be excluded." Id. at 364-66. The Supreme Court also observed that "[t]he

likelihood that illegally obtained evidence will be excluded from trial provides deterrence against Fourth Amendment violations, and the remote possibility that the subject is a parolee and that the evidence may be admitted at a parole revocation proceeding surely has little, if any, effect on the officer's incentives." Id. at 367.

Hill has not offered anything to indicate why, in light of the Supreme Court's holding in the state parole revocation context, the exclusionary rule should apply to the supervised release revocation proceedings at issue here. Accordingly, we affirm the district court's denial of Hill's motion to suppress.

**AFFIRMED**.