NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 8 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-50257 |
| Plaintiff-Appellee, | D.C. No. 3:11-cr-00938-LAB-1 |
| v. | |
| WILLIAM GREEN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Hon. Larry A. Burns, Presiding

Submitted August 5, 2021**
Pasadena, California

Before: PAEZ, CALLAHAN, and HURWITZ, Circuit Judges.

William Green appeals the district court's revocation of his supervised

release and imposition of a term of 18 months' imprisonment under 18 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 3583(e)(3).[1]  We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

1.    Green claims that the district court erred by relying on evidence obtained in violation of the Fourth and Sixth Amendments.  Because Green did not raise this issue before the district court, we review for plain error.  *United States v. Hammons*, 558 F.3d 1100, 1103 (9th Cir. 2009).  However, even assuming for the sake of argument that the asserted constitutional violations occurred, the argument fails, as "the exclusionary rule does not apply to supervised release revocation hearings."  *United States v. Hebert*, 201 F.3d 1103, 1104 (9th Cir. 2000) (per curiam).

2.    Green also argues that the district court erred by miscalculating the applicable Sentencing Guidelines range.  We again review for plain error because Green did not raise this argument before the district court.  *Hammons*, 558 F.3d at 1103.

The parties agree that the appropriate Guidelines range for Green's violation was 3 to 9 months under U.S.S.G. § 7B1.4.  However, Green contends the district court erroneously calculated the Guidelines range as 3 to 24 months.  Green is

[1] Green's claim that the district court erred in finding that Green violated the condition of supervised release prohibiting him from "patroniz[ing] any place" where sexually explicit "materials or entertainment are the primary material or entertainment available" is resolved in a contemporaneously filed opinion. Green's remaining claims are resolved herein.

incorrect. The district court correctly calculated the Guidelines range as 3 to 9 months, but separately noted that Green also faced a statutory maximum term of imprisonment of 24 months. 18 U.S.C. § 3583(e)(3); U.S.S.G. § 7B1.4, cmt. 4.

3. Green next contends that the district court's sentence of 18 months' imprisonment followed by 10 years of supervised release was substantively unreasonable. We review the substantive reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). In doing so, "we are to consider the totality of the circumstances," and "may not reverse just because we think a different sentence is appropriate." *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

Green violated the terms of his supervised release by viewing pornography on his monitored devices numerous times despite the district court's repeated instructions not to do so. The district court was reasonably concerned that Green's demonstrated refusal to comply with this condition would lead Green towards reoffending with respect to child pornography and that a significant term of imprisonment was required to protect the public. Further, the district court cited Green's dishonesty and failure to take the revocation proceedings seriously as supporting the imposition of an above-Guidelines term of imprisonment. Under the circumstances, the district court's decision to impose an 18-month term of imprisonment was not an abuse of discretion.

3

4. Green also contends that his sentence violated the Eighth Amendment because it was grossly disproportionate to the crime. "We review de novo whether a sentence violates the Eighth Amendment." *United States v. Meiners*, 485 F.3d 1211, 1212 (9th Cir. 2007) (per curiam). "Generally, as long as the sentence imposed on a defendant does not exceed statutory limits, this court will not overturn it on Eighth Amendment grounds." *United States v. Albino*, 432 F.3d 937, 938 (9th Cir. 2005) (per curiam) (quoting *United States v. Parker,* 241 F.3d 1114, 1117 (9th Cir. 2001)).

Green argues that even though the sentence he received was below the statutory maximum, it was nevertheless grossly disproportionate to the crime because viewing adult pornography is generally legal. He also cites his age, medical issues, and the COVID-19 pandemic as factors weighing in favor of a more lenient sentence. While the district court was entitled to and did consider these factors, they do not establish that Green's less than maximum sentence amounted to a constitutional violation.

5. Finally, Green claims that there was a conflict between the oral pronouncement and the written judgment regarding two conditions of his supervised release. We review de novo any conflict between the written judgment and oral judgment. *United States v. Napier*, 463 F.3d 1040, 1042 (9th Cir. 2006).

The written judgment included conditions which required Green to be

4

evaluated for sex offender treatment and to undergo mental health treatments. Green argues that the district court's oral pronouncement of his conditions of release relieved him of these responsibilities, and that when there is an inconsistency between a written judgment and an unambiguous oral judgment, the oral judgment controls. *See United States v. Munoz-Dela Rosa*, 495 F.2d 253, 256 (9th Cir. 1974) (per curiam).

We find no conflict between the oral pronouncement and the written judgment. At his December 2, 2019, hearing, Green agreed to undergo a mental health evaluation, complete a sex offender evaluation, and comply with treatment if deemed necessary. The district court expressly ordered both evaluations to be conducted. At his subsequent revocation hearing in September 2020, Green again agreed to participate in sex offender counseling and offered to waive his previously asserted objection to a mental health evaluation. At the conclusion of the hearing, in response to a question from probation seeking to clarify that Green was still required to undergo a sex offender evaluation, the court stated "I'm going to leave it the way it was," referring to the status quo following the December 2019 hearing during which the court had ordered Green to receive the mental health and sex offender evaluations. The court also confirmed that Green would be required participate in mental health treatment. Thus, the district court's oral pronouncement was not inconsistent with the written judgment.

5

**AFFIRMED**.