[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-14169

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

KINGSLEY LYDELL WRIGHT,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:07-cr-00415-JB-M-1

_____

Before LUCK, LAGOA and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Kingsley Wright appeals the revocation of his supervised release. He argues that the district court erred in denying his motion *in limine* because the exclusionary rule should apply in revocation proceedings and that the court improperly admitted hearsay during his revocation hearing. After reading the parties' briefs and reviewing the record, we affirm the district court's order revoking Wright's supervised release.

## I.

A district court's evidentiary rulings are reviewed for an abuse of discretion. *Burchfield v. CSX Transp., Inc.*, 636 F.3d 1330, 1333 (11th Cir. 2011). We will not overturn evidentiary rulings unless the district court made a clear error of judgment or applied the wrong legal standard. *Id.*

The government's use of evidence seized in violation of the Fourth Amendment does not itself violate the Constitution. *Pennsylvania Bd. of Prob. & Parole v. Scott*, 524 U.S. 357, 362, 118 S. Ct. 2014, 2019 (1998). The exclusionary rule is a judicially created means of deterring illegal searches and seizures. *Id.* at 363, 118 S. Ct. at 2019. "[T]he rule does not proscribe the introduction of illegally seized evidence in all proceedings or against all persons but applies only in contexts where its remedial objectives are thought

most efficaciously served." *Id.* at 363, 118 S. Ct. at 2019 (internal quotation marks and citation omitted)

In *Scott*, the Supreme Court declined to extend the exclusionary rule to state parole revocation proceedings. *Id.* at 369, 118 S. Ct. at 2022. The Court explained that "[b]ecause the exclusionary rule precludes consideration of reliable, probative evidence, it imposes significant costs: It undeniably detracts from the truthfinding process and allows many who would otherwise be incarcerated to escape the consequences of their actions." *Id.* at 364, 118 S. Ct. at 2020. The Court reasoned that "[t]he likelihood that illegally obtained evidence will be excluded from trial provides deterrence against Fourth Amendment violations, and the remote possibility that the subject is a parolee and that the evidence may be admitted at a parole revocation proceeding surely has little, if any, effect on the officer's incentives." *Id.* at 367 118 S. Ct. at 2022.

In *United States v. Hill*, we followed *Scott* and held that the exclusionary rule does not apply to supervised release revocation proceedings. 946 F.3d 1239, 1242 (11th Cir. 2020). Citing the "substantial social costs" of excluding probative evidence, we rejected Hill's argument that the evidence should have been suppressed, explaining that the Supreme Court has "repeatedly declined to extend the exclusionary rule to proceedings other than criminal trials." *Id.* at 1242 (citing Scott, 534 U.S. at 363, 118 S. Ct. at 2019). We concluded that "Hill ha[d] not offered anything to indicate why, in light of the Supreme Court's holding in the state parole revocation context, the exclusionary rule should apply to [a] supervised release

revocation proceeding." *Id.* We thus affirmed the district court's decision that the exclusionary rule did not apply without addressing the admissibility of the challenged evidence. *See id.* at 1240-42.

We are bound by a prior panel's decision until overruled by the Supreme Court or by our Court *en banc*. *United States v. Steele*, 147 F.3d 1316, 1317-18 (11th Cir. 1998). "The prior panel precedent rule applies regardless of whether the later panel believes the prior panel's opinion to be correct, and there is no exception to the rule where the prior panel failed to consider arguments raised before a later panel." *United States v. Gillis*, 938 F.3d 1181, 1198 (11th Cir. 2019). There is not an exception for overlooked or misinterpreted Supreme Court precedent. *United States v. Fritts*, 841 F.3d 937, 942 (11th Cir. 2016).

Here, the record shows that the district court did not err in denying Wright's motion *in limine* because our precedent holds that the exclusionary rule does not apply in supervised release revocation proceedings.

## II.

We review a district court's evidentiary rulings for an abuse of discretion. *Burchfield*, 636 F.3d at 1333. A district court's conclusion that a defendant violated the terms of his supervised release is also reviewed for abuse of discretion. *United States v. Copeland*, 20 F.3d 412, 413 (11th Cir. 1994). A defendant's supervised release may be revoked if the district court finds by a preponderance of the evidence that "the defendant violated a condition of supervised

release." 18 U.S.C. § 3583(e)(3). The preponderance of the evidence standard "simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence." *United States v. Trainor*, 376 F.3d 1325, 1331 (11th Cir. 2004) (citation omitted).

Under the Federal Rules of Evidence, hearsay is an out-of-court statement offered "to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). The Federal Rules of Evidence generally prohibit hearsay. *Id.* at 802.

"Although the Federal Rules of Evidence do not apply in supervised release revocation hearings, the admissibility of hearsay is not automatic." *United States v. Frazier*, 26 F.3d 110, 114 (11th Cir. 1994). A defendant is entitled to "question any adverse witness unless the court determines that the interest of justice does not require the witness to appear." Fed. R. Crim. P. 32.1(b)(2)(C). In deciding whether to admit hearsay, the district "court must balance the defendant's right to confront adverse witnesses against the grounds asserted by the government for denying confrontation." *Frazier*, 26 F.3d at 114. The district court must also determine that the statement is reliable. *Id.*

A district court's failure to make findings pursuant to the balancing or reliability tests is reviewed for harmless error. *See id.* "Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." Fed. R. Crim. P. 52(a). To show reversible error, a defendant bears the heavy burden of showing that "the court *explicitly* relied on the information" in reaching

its decision. *United States v. Taylor*, 931 F.2d 842, 847 (11th Cir. 1991). The defendant must show that the statement is "materially false or unreliable" and "that it actually served as the basis" for the revocation. *Id.*

The record demonstrates that the district court properly weighed Wright's confrontation rights against the government's reasons for not producing the witness, McCovery. The district court determined that the officer's statements regarding what McCovery told him during an interview were reliable and over-ruled Wright's hearsay objection based on the explanation that McCovery was a fugitive who had incriminated herself during the interview. Thus, the police officer's statements were admissible. In addition, the district court determined that the police officer's testimony regarding the information provided by the confidential informant ("CI") was reliable. The CI's information was corroborated by the police's discovery of drugs, cash, bags normally used in the drug trade, and digital scales in Wright's residence. Thus, the district court properly conducted the reliability test to determine that the statements were admissible.

Further, even assuming the district court erred in improperly admitting the evidence, Wright has not shown that the challenged evidence was a factor, much less the determinative factor, in the district court's decision to revoke his supervised release. The evidence seized by authorities was sufficient to establish by a preponderance of the evidence that Wright violated the terms and conditions of his supervised release by committing new crimes, and

illegally possessing a controlled substance and distributing it. The record demonstrates that the district court had a sufficient basis to revoke Wright's term of supervised release, and we affirm its order revoking Wright's supervised release. *See* 18 U.S.C. § 3583(e)(3).

**AFFIRMED.**